### 17842

SOUTH CAROLINA STATE HIGHWAY DEPARTMENT,
Appellant, v. SOUTHERN RAILWAY
COMPANY, Respondent
(122 S. E. (2d) 422)

*Messrs. Daniel R. McLeod, Attorney General,* and *Fulmer, Barnes & Verner,* of Columbia, *for Appellant,*

*Messrs. Frank G. Tompkins, Jr.,* and *John Gregg McMaster,* of Columbia, *for Respondent,*

October 31, 1961.

LEWIS, Justice.

This appeal involves a determination of whether Section 3 of Act No. 627, 1956 Acts of the General Assembly of South Carolina, now Sections 58-841 through 58-843 of the 1960 Supplement to the 1952 Code of Laws, requires the recovery of the fine imposed therein in a civil action or by a criminal prosecution.

The foregoing Act grants to the State Highway Department the power to require the construction and maintenance of certain grade crossings by the operators of railways in this State, and Section 3 of the Act is as follows:

"Any persons failing to comply with the provisions of this act, after having been notified by the proper authorities, in writing, and after the lapse of thirty days from the date of such notice, shall, upon conviction, pay a fine of ten dollars per day for each day's delay. It shall be the duty of the State Highway Department to make a complaint to any court of competent jurisdiction within the county where the offense is committed, and to furnish evidence before such court whenever a violation of this act may occur."

This civil action was instituted by the plaintiff, State Highway Department, in the Court of Common Pleas against the defendant, Southern Railway Company, for an order requiring the defendant to construct a crossing over one of its railway tracks in Richland County, and for the recovery from the defendant, for the benefit of the State, of a fine of ten dollars per day, imposed by the foregoing Act,

for the defendant's alleged failure to construct the crossing on demand of the plaintiff. The defendant moved before the lower Court for an order requiring the plaintiff to strike from the complaint all of the allegations thereof appropriate to the recovery of the aforesaid fine upon the sole ground that, under the terms of the Act in question, the fine can only be levied after the conviction of the defendant in a criminal prosecution instituted in the Court of General Sessions. The lower Court granted the motion to strike and this appeal is from such order.

The defendant contends that a conviction in a criminal prosecution is a prerequisite to collection of the fine, relying upon the foregoing provisions of the Act which state that "upon conviction" the fine shall be paid. The plaintiff contends, on the other hand, that the fine imposed by the Act is in the nature of a penalty, enforceable in a civil action.

We are of the opinion that the Act in question imposes a penalty upon a railroad violating its terms, which may be collected in a civil action at the instance of the State Highway Department, and that the lower Court was in error in striking the allegations appropriate to the recovery thereof.

Section 3 of the Act, quoted above, provides that upon failure of any person to comply with the provisions thereof, upon conviction, a fine of ten dollars per day for each day's delay shall be imposed, but does not make the violation of its terms a criminal offense. While this section provides for the imposition of a fine, we do not think that the word is used in the sense of punishment for violation of a criminal statute. Rather, the word "fine" is used in the broader sense of a penalty. A fine is usually a sum of money exacted from a person guilty of a crime as pecuniary punishment; while a penalty is a sum of money exacted, by way of punishment for doing some act that is prohibited, or omitting to do some act that is required to be done, which may or may not be a crime. *State v. Liggett & Myers Tobacco Co.,* 171 S. C. 511,

172 S. E. 857; 70 C. J. S., Penalties, p. 387, Section 1; 23 Am. Jur. 624, Sec. 28. The failure to make a violation of the terms of the Act a criminal offense is indicative of the legislative intent to use the word "fine" in the sense of a penalty, and not in its restricted sense as punishment for a crime. A similar conclusion was reached in the foregoing case of *State v. Liggett & Myers Tobacco Company.*

Proceedings for the recovery of penalties can be either civil or criminal in nature, and the mode in which penalties shall be enforced is a matter resting within the discretion of the legislature, in each case to be determined from the provisions of the particular statute in question. 70 C. J. S., Penalties, p. 397, Section 8; 23 Am. Jur. 627, Section 34. However, where the statute fails to designate the procedure for collection of the penalty, it may be collected by a civil action. *State v. Mathews,* 3 S. C. L. (2 Brev.) 82; 23 Am. Jur. 644, Section 54; 70 C. J. S., Penalties, p. 398, Section 8(e).

The only part of the Act dealing specifically with the mode or manner of collection of the penalty is that portion of Section 3, above quoted, which provides that the State Highway Department shall, for any violation, "make a complaint to any court of competent jurisdiction within the county where the offense is committed". This provision, while placing the duty upon the Department to initiate proceedings for the recovery of the penalty in any court of competent jurisdiction, fails to specify the character or nature of the proceeding to be pursued.

The defendant contends, however, that the provisions of the Act, which provide for imposition of the penalties "upon conviction" can only have reference to a criminal prosecution for the collection thereof. While the word "conviction" ordinarily refers in criminal proceedings to a judgment of guilty, the word has other meanings. The phrase "upon conviction", as used in the Act, does not have reference to the procedure for collection of the penalty, but

refers to the determination that a violation of the Act has occurred. *Slothower v. Dayton Power & Light Co.,* Ohio App., 144 N. E. (2d) 219. As stated in 18 C. J. S. p. 98, " 'Conviction' is not necessarily restricted to criminal prosecutions, but in its most extensive sense the term signifies the giving of judgment against a defendant, and will apply to a civil as well as to a criminal action; also a condemnation. In prosecutions for violations of ordinances to recover penalties, the courts have applied the term to persons found guilty in such civil actions."

The imposition of penalties under the Act does not require the conviction of a violator for the commission of a crime, for no crime is created by its terms, but simply requires a judicial determination that the railroad involved has failed to comply with the statutory notice by the State Highway Department with reference to the particular grade crossing. This question may be determined in a civil action such as is here instituted. If, upon trial, it is found as a fact that there has been a volation then the court can impose the penalty.

Reversed.

TAYLOR, C. J., and OXNER, LEGGE, and MOSS, JJ., concur.