ROSBON DANIEL WHEDBEE, PETITIONER v. EDWARD POWELL, COMMIS-
SIONER OF MOTOR VEHICLES AND THE STATE OF NORTH
CAROLINA, RESPONDENT

No. 7815SC770

(Filed 15 May 1979)

1. **Criminal Law § 142.1— prayer for judgment continued to certain session — judgment entered at later session — effect of continuance for defendant, failure to appear**

Where prayer for judgment was continued in a drunk driving case without conditions until the 21 April 1975 session of superior court, the case was continued for defendant at the 21 April 1975 session, and defendant was called and failed to appear at the 26 June 1975 session, the court had authority to enter judgment against defendant at the 4 September 1975 session of court, since the fact that no judgment was entered at the 21 April 1975 session was chargeable solely to conduct of the defendant, and defendant could not deprive the court of power to render judgment against him by having the case continued and thereafter failing to appear. Even if the case had not been continued for defendant and no action had been taken at the 21 April 1975 session, a judgment thereafter entered imposing punishment would not be void such that it could be treated as a nullity in a collateral proceeding but at most would be irregular and would stand until set aside by direct appeal or by a direct attack by a motion in the cause for appropriate relief.

2. **Courts § 10— civil session of court — motion to set aside criminal judgment**

A motion which, if allowed, would set aside a judgment in a criminal case may not be determined at a session of court designated for the trial of civil cases only. G.S. 7A-49.2(b).

APPEAL by respondent, North Carolina Division of Motor Vehicles, from *Farmer, Judge.* Judgment dated 2 May 1978 entered in Superior Court, ORANGE County. Heard in the Court of Appeals 3 May 1979.

On 11 December 1974 Rosbon Daniel Whedbee, the petitioner herein, pled guilty in Superior Court in ORANGE County in Case No. 74CR5767 to a second offense of driving a motor vehicle on the public highway while under the influence of intoxicating liquor. On receiving this plea, Judge Coy E. Brewer, the judge presiding, directed that prayer for judgment be continued until the 21 April 1975 session of Superior Court in Orange County. Judgment was not imposed at that session. Thereafter, petitioner appeared before Judge Harry E. Canaday, Judge Presiding at a session of Superior Court held in Orange County on 4 September 1975, at which time judgment was entered in Case No. 74CR5767 sentencing petitioner to prison for a term of six months, this sentence being suspended for three years on condition that the defendant (the petitioner herein) pay a fine and costs and not operate a motor vehicle during the period of suspension unless he have in his possession a valid operator's license. Defendant did not appeal from that judgment.

Upon receiving a record of the judgment entered against petitioner in Case No. 74CR5767, the North Carolina Division of Motor Vehicles issued notice it was revoking petitioner's driver's license for one year effective 6 October 1975. On petitioner's ex parte motion, the district court in Orange County on 13 October 1975 issued an order restraining the Division of Motor Vehicles from revoking petitioner's driving privileges. On 24 October 1975 the Division of Motor Vehicles moved to dismiss the restraining order, but by consent of counsel the restraining order was allowed to remain in effect. At the time the restraining order was issued, no action had been brought in the district court by the petitioner against the Division of Motor Vehicles. Subsequently, on 13 January 1976, petitioner filed in the district court in Orange County a petition captioned "*Rosbon Daniel Whedbee, Petitioner v. Edward Powell, Commissioner of the State of North Carolina Department of Motor Vehicles and the State of North Carolina, Respondent,*" in which the petitioner alleged that he had requested and been denied a hearing pursuant to G.S. 20-16 and in which he prayed for a determination that he was entitled to such a hearing prior to revocation of his driver's license. The case in which this petition was filed was given docket number 76CVD17. As far as the record on this appeal discloses, nothing else occurred in Case No. 76CVD17 during 1976.

By order dated 15 March 1977 the district court transferred Case No. 76CVD17 to the Superior Court Division in Orange County, where the case was docketed as No. 76CVS17 and was heard at the 19 September 1977 Civil Session of Superior Court before Judge Frank W. Snepp. On 22 September 1977 Judge Snepp entered judgment finding that petitioner's driving privilege had been revoked under the mandatory provisions of G.S. 20-17(2) and that petitioner was not entitled to a hearing under G.S. 20-16. On these findings Judge Snepp dismissed Case No. 76CVS17. Petitioner gave notice of appeal but did not perfect an appeal. On 18 October 1977 the Division of Motor Vehicles notified petitioner it was revoking his driver's license for one year effective 28 October 1977.

The present proceeding was commenced 17 February 1978 when petitioner filed a motion in the Superior Court in Orange County to set aside the judgment which had been entered against him on 4 September 1975 in the criminal case No. 74CR5767 and to enjoin the Division of Motor Vehicles from revoking his driver's license. The matter was heard before Judge Farmer, the judge presiding at the 1 May 1978 civil session of superior court in Orange County, who on 2 May 1978 entered judgment concluding as a matter of law that the judgment entered against petitioner by Judge Canaday on 4 September 1975 in Criminal Case No. 74CR5767 was void in that the direction that prayer for judgment be continued, which Judge Brewer had ordered on 11 December 1974, became a final judgment at the expiration of the 21 April 1975 Session and the court was thereafter without jurisdiction to enter any further orders in that case. On this conclusion, Judge Farmer ordered that Judge Canaday's 4 September 1975 judgment be vacated and that the Division of Motor Vehicles forthwith rescind the revocation of petitioner's operator's license and return the same to the petitioner. From this judgment the respondent, Division of Motor Vehicles, appeals.

*Perry Martin for petitioner appellee.*

*Attorney General Edmisten by Deputy Attorney General William W. Melvin and Assistant Attorney General William B. Ray for the North Carolina Division of Motor Vehicles, Appellant.*

PARKER, Judge.

The judgment appealed from was predicated entirely upon Judge Farmer's conclusion that Judge Canaday's judgment entered 4 September 1975 in criminal case No. 74CR5767 was void as a matter of law. We find that conclusion to be in error and reverse.

The inherent power of the court after a plea of guilty or conviction in a criminal case to suspend judgment, or, as it is now more frequently expressed, to direct that prayer for judgment be continued, has long been recognized in this jurisdiction. *State v. Miller*, 225 N.C. 213, 34 S.E. 2d 143 (1945); *State v. Everitt*, 164 N.C. 399, 79 S.E. 274 (1913); *State v. Crook*, 115 N.C. 760, 20 S.E. 513 (1894); *See* Annot., 73 A.L.R. 3d 474, § 12, p. 506-07 (1976); 21 Am. Jur. 2nd, Criminal Law, § 552, p. 527. "After a conviction or a plea, the court has power: (1) to pronounce judgment and place it into immediate execution; (2) to pronounce judgment and suspend or stay its execution; (3) to continue prayer for judgment." *State v. Thompson*, 267 N.C. 653, 655, 148 S.E. 2d 613, 615 (1966). "In the event the court, after a conviction or plea, finds it desirable not to pass judgment immediately, it may continue the prayer for judgment from one term to another without the defendant's consent if no terms or conditions are imposed." *State v. Griffin*, 246 N.C. 680, 682, 100 S.E. 2d 49, 51 (1957); *accord, State v. Graham*, 225 N.C. 217, 34 S.E. 2d 146 (1945). "Where prayer for judgment is continued and no conditions are imposed, there is no judgment, no appeal will lie, and the case remains in the trial court for appropriate action upon motion of the solicitor." *State v. Pledger*, 257 N.C. 634, 638, 127 S.E. 2d 337, 340 (1962). However, if conditions amounting to punishment (fine or imprisonment) are imposed, the order is in the nature of a final judgment from which an immediate appeal will lie, and the court having once imposed punishment cannot thereafter impose additional punishment. *State v. Griffin, supra.* In this connection, an order that defendant pay the costs does not constitute a part of the punishment in a criminal case, *Barbour v. Scheidt, Comr. of Motor Vehicles*, 246 N.C. 169, 97 S.E. 2d 855 (1957); *State v. Crook, supra,* nor does a directive that the defendant refrain from breaking the law. *State v. Cheek*, 31 N.C. App. 379, 229 S.E. 2d 227 (1976). When prayer for judgment has been continued to a subsequent term of court, judgment may be imposed by the judge pre-

siding at that term even though he was not the trial judge. *State v. Sauls*, 291 N.C. 253, 230 S.E. 2d 390 (1976); *State v. Sampson*, 34 N.C. App. 305, 237 S.E. 2d 883 (1977).

[1] Applying these well established principles to the facts disclosed by the present record, we note initially that when Judge Brewer on 11 December 1974 directed that prayer for judgment be continued in Case No. 74CR5767 until the 21 April 1975 session of superior court, he did not impose any conditions. Therefore, no judgment had been imposed and the case remained in the trial court for appropriate action to be taken at the 21 April 1975 session. The docket entries appearing on the superior court criminal docket in Orange County in Case No. 74CR5767 show under date "4-21-75" the entry "Continued for the defendant." (A copy of these docket entries appears as page 1 of Exhibit A to the record on this appeal; the parties stipulated that Exhibit A constitutes a part of the record on appeal.) This docket entry, which is an official record of the superior court, imports verity. It shows that at the 21 April 1975 session the case was continued for the defendant. This being so, petitioner is in no position to complain that judgment was not entered against him at the 21 April 1975 session. It was not necessary, as Judge Farmer apparently held, that an order continuing the case be reduced to writing and signed by the judge presiding at the 21 April 1975 session, else the court thereafter lose all power to impose judgment in the case. Other docket entries in Case No. 74CR5767 show that on 26 June 1975 defendant was called and failed to appear and that a capias instanter was issued for his arrest. Certainly defendant could not deprive the court of power to render judgment against him by first having the case continued and thereafter failing to appear. That no judgment was entered at the 21 April 1975 session was not due to any lack of diligence on the part of the court, but was chargeable solely to conduct of the defendant. Therefore, we hold that Judge Canaday did have authority to enter judgment against defendant in Case No. 74CR5767 on 4 September 1975. *See, State v. Pelley*, 221 N.C. 487, 20 S.E. 2d 850 (1942). The decisions in *State v. Hilton*, 151 N.C. 687, 65 S.E. 1011 (1909) and *State v. Gooding*, 194 N.C. 271, 139 S.E. 436 (1927) were based on factual situations very different from those presented in the present case and are not here apposite.

[1, 2]  There is another reason, also, why Judge Farmer's judgment should be reversed. Even had Case No. 74CR5767 not been continued for the defendant and no action had been taken at the 21 April 1975 session, the superior court would still have retained jurisdiction of the case and of the defendant, and a judgment thereafter entered imposing punishment would not have been void such that it could be treated as a nullity in a collateral proceeding. At most it would have been irregular, to stand until set aside either by direct appeal or by a direct attack by motion in the cause for appropriate relief. There was no appeal from the judgment entered by Judge Canaday on 4 September 1975 in Case No. 74CR5767, and the present proceeding was not a motion in the cause in that case. The motion filed by petitioner in the superior court in the present proceeding, while it made reference to Case No. 74CR5767, did not even purport to be made in that case. Instead, it was captioned "*Rosbon D. B. Whedbee, Petitioner v. J. G. Wilson, Commissioner Division of Motor Vehicles, Department of Transportation of the State of North Carolina,*" and service was had upon J. G. Wilson, not upon the solicitor who alone would have had authority to represent the State in a criminal proceeding. (We take judicial notice that J. G. Wilson upon whom petitioner's motion was served was not even the Commissioner of Motor Vehicles.) A response to the motion was filed on behalf of Elbert L. Peters, Jr., who was the Commissioner of Motor Vehicles, but he had no authority to represent the State in any criminal proceeding. Not only was petitioner's motion heard without notice to the solicitor, but it was heard at a civil session of court, and a motion which, if allowed, would set aside a judgment in a criminal case may not be determined at a session of court designated for the trial of civil cases only. G.S. 7A-49.2(b); *In re Renfrow,* 247 N.C. 55, 100 S.E. 2d 315 (1957). Thus, the present proceeding was a collateral attack made in a civil proceeding upon the judgment entered in the criminal case, and Judge Farmer in this proceeding had no authority to vacate that judgment.

We note that, for some reason not apparent from the present record, the record on appeal would indicate that this is an appeal in Case No. 76CVS17. That case was terminated when it was dismissed by judgment entered by Judge Snepp on 22 September 1977. Appeal from that judgment was not perfected.

Finally, we note that no reason appears in the present record why the Division of Motor Vehicles apparently acquiesced for a period of almost two years in permitting the restraining order, which was entered ex parte on 13 October 1975 by the district court without any action then pending before it, to remain in effect until 22 September 1977 when Judge Snepp dismissed Case No. 76CVS17. During that entire period the mandate of G.S. 20-17(2), which provides that "the Division shall forthwith revoke the license" of an operator upon receiving a record of such operator's conviction of driving while under the influence of intoxicating liquor, was effectively thwarted.

The judgment appealed from is

Reversed.

Judges MITCHELL and MARTIN (Harry C.), concur.