**UNITED STATES of America, Appellee,**

v.

**William Alfred FLORENCE, Appellant.**

**No. 83–2537.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1984.

Decided Aug. 20, 1984.

David R. Freeman, Federal Public Defender, East St. Louis, Ill., for appellant.

Thomas E. Dittmeier, U.S. Atty., James E. Steitz, Asst. U.S. Atty., E.D.Mo., St. Louis, Mo., Karen Skrivseth, Attorney, Dept. of Justice, Washington, D.C., for appellee.

Before ROSS, Circuit Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

ROSS, Circuit Judge.

In this appeal William Florence, the appellant, attacks the district court's [1] order imposing restitution under the authority of 18 U.S.C. §§ 3579 and 3580. These statutes are argued to be unconstitutional and the imposition of restitution an abuse of discretion. We affirm.

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

## Facts

On September 30, 1983, the appellant entered a plea of guilty to a single count indictment which charged him with armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). At the sentencing hearing held on November 4, 1983, the court reviewed the Victim Impact Statement which stated that $2,045.00 of the $4,739.00 taken in the robbery was recovered. The court informed the appellant that it was considering an order requiring him to pay restitution to the victims up to the amount of unrecovered money ($2,694.00). The court gave the appellant an opportunity to withdraw his guilty plea after informing him of the possibility of an order of restitution. The appellant decided to continue with the plea of guilty although he objected to the constitutionality of 18 U.S.C. §§ 3579 and 3580, as well as their application to his case.

The trial court reviewed the information about the appellant's finances contained in the presentence report and noted that he was unmarried and had no dependents. The court then sentenced him to an indeterminate term under the Youth Corrections Act, 18 U.S.C. § 5010(b), and ordered restitution in the amount of $2,500.00 to the Clifford Banking Company (the deductible amount under its insurance policy) and $194.00 to the insurer.

## Issues

The appellant bases his challenge to the constitutionality of the restitution statutes on two separate grounds. First it is argued that the statutes violate his seventh amendment right to a jury trial; and second, that the lack of standards in the statute offend due process and equal protection. The appellant also argues that the trial court's order requiring restitution constituted an abuse of discretion.

2. *Welden* has been appealed, argued, and submitted to a panel of the Eleventh Circuit. A decision in that appeal had not been released at the time this case was submitted.

3.     In Suits at common law, where the value in controversy shall exceed twenty dollars, the

## Discussion

### A. Seventh Amendment

The appellant relies on the case of *United States v. Welden*, 568 F.Supp. 516 (N.D. Ala.1983)[2] to support his challenge to sections 3579 and 3580. The *Welden* court reasoned that because the seventh amendment[3] protects the right of a jury trial in civil cases in which more than twenty dollars is in controversy, and because section 3579(h) transforms an order of restitution, entered without the right to a jury determination of liability or amount, into a civil judgment, the statute violates the Constitution. *Welden, supra,* at 534. The crux of this reasoning is the determination that an order of restitution entered pursuant to section 3579 constitutes a civil judgment, and it is on this point we disagree with the analysis in *Welden.*

In our opinion section 3579(h), which reads

(h) An order of restitution may be enforced by United States or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action.

does not convert an order of restitution into a civil judgment. Restitution, as an aspect of criminal punishment, has a history far older than the American system of justice or, for that matter, the English legal tradition as a whole. Harland, *Monetary Remedies for the Victims of Crime: Assessing the Role of the Criminal Courts*, 30 U.C.L.A.L.Rev. 52 (1983); Scutt, *Victims Offenders and Restitution: Real Alternative or Panacea*, 56 Aust.L.J. 156 (1982). Congress, aware of the role restitution had played in criminal justice, sought in passing sections 3579 and 3580 to restore the concept to a prominent place in our own system. 1982 U.S.CODE CONG. & AD.NEWS 2515, 2536. Indeed the argument that restitution under sections 3579

right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.
U.S. CONST. amend. VII.

and 3580 is a civil matter contradicts the logic of section 3580(e) which clearly contemplates and takes into account the possibility of civil actions subsequent to the imposition of restitution.

▉ The court in *Welden,* as well as the appellant in this case, did not produce any authority which encourages, much less compels, a conclusion that restitution ordered under these circumstances constitutes a civil judgment. The available authority, in fact, supports a conclusion to the contrary. *See United States v. Lemire,* 720 F.2d 1327, 1352–54 (D.C.Cir.1983), and cases cited therein. The question of whether a given statute imposes a criminal or civil penalty is, in the first instance, one of statutory construction. *United States v. Ward,* 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). In our opinion Congress in enacting subsection (h) has simply created an effective mechanism for the enforcement of what remains an essentially criminal sanction. Therefore the imposition of the order of restitution does not violate the seventh amendment.

### B. Due Process and Equal Protection

The appellant also challenges sections 3579 and 3580 on the theory that these statutes violate the principles of due process and equal protection. This argument is based on an alleged lack of standards which, if the statutes are allowed to stand, will result in grossly disparate treatment in sentencing and so offend the Constitution. The appellant again relies on *Welden, supra,* at 534, to support his argument, and again we are unable to join in the reasoning of that opinion.

Unlike the court in *Welden,* we are unwilling to test this statute in a vacuum but treat only those issues raised by the facts and briefed by the parties. The appellant, with one exception, has not argued with specificity how sections 3579 and 3580 operated to deprive him of liberty or property

without due process of law, or deny to him the equal protection of the law.[4] Under these circumstances the nature of our review, and breadth of the subsequent ruling, is limited.

We limit our inquiry to the constitutionality of the statute as applied in this case pursuant to the prudential rule of judicial self-restraint established by the Supreme Court which requires federal courts to limit their constitutional scrutiny of statutes to the particular facts of each case.

\*　　\*　　\*　　\*　　\*　　\*

The prudential doctrine of judicial self-restraint which we apply here is "separability"—when possible, we must narrowly read a statute to be constitutional as applied to the facts of the case before us and cannot consider other arguably unconstitutional applications of that statute.

*United States v. Lemons,* 697 F.2d 832, 834–35 (8th Cir.1983) (citations omitted).

▉ The appellant has argued that the district court's order of restitution was premised on a hearing which so lacked in standards governing the admission of evidence, burdens of proof, and provision of notice, that it violated the due process clause. This hearing resulted in findings about the nature and value of the appellant's assets, as well as his ability to make restitution. We do not accept the appellant's arguments.

Section 3580(d) of the statute clearly defines and allocates the burden of proof in these matters. In addition, this court has discussed at length the applicability of the rules of evidence and the nature of the hearing necessary to provide all the process due at the time of sentencing.

The sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *United*

---

4.　Though the issue is not before the court at this time, it may be of some significance that section 3579(a)(2) appears to require the trial court in every case to at least consider an order of resti-

tution when imposing sentence. This requirement is not present in the older restitution statute, 18 U.S.C. § 3651 (1976), which has survived numerous constitutional challenges.

States v. Tucker, 404 U.S. [443] at 446 [92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972)]; Orner v. United States, 578 F.2d at [1276] 1278 [8th Cir.1978]; 18 U.S.C. § 3577 (1976); see Fed.R.Crim.P. 32(c)(2). Information that may properly be considered includes, inter alia, criminal activity for which the defendant has not been prosecuted and uncorroborated hearsay evidence that the defendant has had an opportunity to explain or rebut. United States v. Ray, 683 F.2d 1116, 1120 (7th Cir.1982), (citing United States v. Plisek, 657 F.2d 920, 926–27 (7th Cir. 1981)); Farrow v. United States, 580 F.2d 1339, 1360 (9th Cir.1978).

Due process does not mandate an evidentiary hearing to establish the accuracy of this or other information contained in a presentence report before it can be considered by the trial court. Farrow v. United States, 580 F.2d at 1360. Rather, "[i]n the context of sentencing, due process requires balancing the need for reliability with the need to permit consideration of all pertinent information." Orner v. United States, 578 F.2d at 1279. Although a defendant who contests the accuracy of presentence report material on which the court relies in imposing sentence must be given an opportunity to explain or rebut this information, United States v. Aguero-Segovia, 622 F.2d 131, 132 (5th Cir.1980); Orner v. United States, 578 F.2d at 1279; Fed. R.Crim.P. 32(c)(3)(A), the procedure for rebuttal "lies within the sound discretion of the sentencing judge, and the exercise of discretion in this regard will not be overturned in the absence of plain error or an abuse of that discretion." Orner v. United States, 578 F.2d at 1279; see Farrow v. United States, 580 F.2d at 1360.

United States v. Papajohn, 701 F.2d 760, 763 (8th Cir.1983). We are of the opinion that the order of restitution was preceded by a hearing which, when judged under the cases and standards discussed in Papajohn, supra, did not violate the appellant's due process rights.

As a final matter we can not conclude, after a complete review of the record, that the trial court abused its discretion in ordering the defendant to make full restitution. The judgment of the district court is therefore affirmed.