**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Morrell WATCHMAN,
Defendant-Appellant.**

No. 83–2256.

United States Court of Appeals,
Tenth Circuit.

Dec. 7, 1984.

Martin J. McClain, Cheyenne, Wyo., for defendant-appellant.

William J. Eichelberger, Asst. U.S. Atty., D. of Wyo. (Richard A. Stacy, U.S. Atty., David A. Kern, Asst. U.S. Atty., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Before SETH, BARRETT and SEYMOUR, Circuit Judges.

SETH, Circuit Judge.

This appeal is from a motion to reduce defendant's sentence insofar as it included an order of restitution in the amount of $13,556.88 to the victim for medical treatment for physical injuries.

The appellant challenges the constitutionality of the statute authorizing restitution (18 U.S.C. § 3579 and § 3580), the amounts, and procedure used.

The basic constitutional issue has been considered by the Eighth Circuit in *United States v. Florence*, 741 F.2d 1066 (8th Cir. 1984), in *United States v. Brown*, 744 F.2d 905 (2d Cir.1984), and in *United States v. Welden*, 568 F.Supp. 516 (N.D.Ala.).

■ The basic challenge is that a jury trial is required on the amount of restitution because under the Act it can be enforced as a civil action. The enforcement method does not however determine the nature of the order nor how the amount is determined. The victim does not appear as a party, control the hearing as to "losses," nor take an appeal. Restitution is a permissible penalty imposed on the defendant as part of sentencing. As the court said in *United States v. Brown*, the discretion and method of determining the length of a defendant's incarceration does not infringe on his Sixth Amendment rights. The restitution procedure does not infringe on Seventh Amendment rights. The basic concept of restitution (although without the present variations) was in place when the Seventh Amendment was adopted. We generally agree with the analysis made by the Eighth Circuit in *United States v. Florence*, 741 F.2d 1066 (8th Cir.), but we do not agree with the significance therein given to the presentence report. We conclude that the Act insofar as it provides for restitution, and as it provides for the court to determine the amount (if any), is a constitutional extension of sentencing.

■ We are here also concerned with the portion of the Victim and Witness Protection Act of 1982 (P.L. 97–291) relating to fact determinations and to procedures. This part of the Act appears at 18 U.S.C. § 3579 and § 3580. This aspect of the appeal requires a more extensive analysis than did the constitutional issue. This goes to the procedure and amount.

More particularly our consideration is directed to the parts of the cited sections which must be applied when the victim has received physical injuries inflicted by the defendant.

The defendant Watchman entered a guilty plea to an indictment for assault with intent to murder on an Indian reservation. The victim was an Indian as was the defendant. The victim, a woman, received very serious injuries which required extensive medical treatment. The defendant was considered to be an indigent person for the purpose of his representation at trial.

Congress has placed a duty on the trial courts to make several factual determinations under the Act and to enter specific orders of restitution based on such facts. The need for accuracy and thoroughness is apparent to permit the court to "impose an order of restitution to the extent that such order is as fair as possible to the victim." (§ 3579(d)) To accomplish this end the court in the case before us was required to ascertain the "losses" suffered by the victim by reason of the physical harm she suffered. (§ 3580(a)). This necessarily required some detailed information. These are details as to dollars not generalities.

The "losses" of the victim under § 3579(b)(2) of the Act are to include the following specific elements:

(1) An amount equal to the cost of necessary medical and related professional services;

(2) Cost of nonmedical care and further treatment;

(3) The cost of therapy and rehabilitation;

(4) Income loss.

It is apparent that shortly after the guilty verdict is the time to gather the facts to make an order of restitution complete and accurate. If the restitution order is to be enforced in the future or otherwise relied on, it is essential that it have a sound basis in fact. This would seem to be the only way the purpose of the Act to aid the victim can be accomplished.

It also is apparent that the victim should have some participation directly or indirectly in the fact finding in order that his or her "losses" can be accurately determined and "fairness" be established. One of the basic purposes in the Act as a whole is to have the victims aware of the proceedings. In the record before us we do not know whether this requirement was met, and the indications are that it was not.

A good development of the facts would serve to reduce further litigation on the subject of "losses" by the victim or by the Government and reduce the chances of mistakes. Some facts in the record as a basis for the trial court's order of restitution are also necessary should appellate review be necessary.

On the other side of the coin, Congress has imposed a fact gathering requirement as to the defendant. (§ 3580(a)) This includes an ability to pay, thus an examination of the financial needs and resources of defendant and of the financial needs of defendant's dependents, "and such other factors as the court deems appropriate." Here again there is a need to have the basic facts determined in order that the restitution order can carry out the purposes of the Act, and to reduce the risk of a mistake.

Since Congress has mandated these several determinations it must be assumed that Congress also intended that sufficient time be devoted to these matters to assure completeness and accuracy. The "unduly prolong" language referring to sentencing means unduly long beyond what is required by the Act.

The burden in the fact gathering is placed by the statute on the Government on behalf of the victim and on the defendant or his attorney on behalf of the defendant. This is expressly so placed when there is a "dispute" as to the amount. We must conclude that there is a "dispute" as to the amount until the Government and the defendant have marshaled the facts and presented them to the court as a best effort. There is a "dispute" also until the trial judge is satisfied with these facts to

an extent that he or she is prepared to enter an order to provide restitution in whole or in part or to decide that no order should be entered.

We must assume that mention by Congress of the use of presentence reports as a possible way to develop the facts contemplated that such reports would have to be expanded or their construction be somehow changed to accomplish the desired result. Until this is done we cannot hold that such reports are adequate. The data is not developed and the reports are not constructed to accomplish the purpose of the Act. The use of unverifiable reports, data and sources of information, the use of hearsay and "understandings" is intended to provide background information. The specifics in the reports necessarily represent information acquired from the sources and in the manner mentioned above. No one questions that such reports are suitable for the very important purpose for which they are intended, but in sentencing, the broad discretion of the judge can fully accommodate the generalities, the uncorroborated statements of informers, hearsay, and the necessary uncertainties in such reports.

For the restitution order the court is not dealing with generalities. In the dollar determinations there is no discretion of any significant degree. The victim has suffered specific monetary "losses," which need to be established. The defendant here argues that he is entitled to a jury trial as to the amount of the restitution that may be ordered. We considered this briefly at the outset and concluded that no such right exists. The adjudication of this point does not resemble civil litigation in the relationship of the parties, the position of the victim in the litigation, nor other indicia of civil litigation. It is not an academic exercise by reason of the possibility that the defendant may not or cannot ultimately pay the ordered amount.

In the case before us there was a reliance on a presentence report. At oral argument it was stated that the figures—the "losses"—were established by telephone conversations with unidentified persons. We don't know whether the victim was interviewed at all or in a meaningful way as to her "losses." The record is silent on this. No one spoke for her. There may very well be other expenses which can now be determined or which will be incurred. The fact finding as to the victim was deficient. The Government had a burden in this respect which was not discharged.

In order to prevent variations in the methods for application of the Act as to restitution orders, the trial courts should place the burden on the prosecution and on the defense to develop the facts before the sentencing hearing. This will help accomplish the purpose of the Act to protect the victim and to prevent mistakes as to the defendant. If a hearing as part of sentencing is advisable to further resolve the dispute as to the amount, it should be held.

■ The appellate courts have no general review of sentences but they are obligated to examine the method or process by which a sentence is imposed. *United States v. Sparrow*, 673 F.2d 862 (5th Cir. 1982). There are many requirements as to methods. This Act has in our view added new requirements and procedures.

We must hold that the record and the order in this case are not in accordance with the Act.

There are some unusual factors in this case which do not appear to have been treated in the order. Thus some of the victim's medical treatment was furnished by the Indian Public Health Service and some by an Idaho state welfare agency. It should be decided whether payment to such agencies is "restitution" in these circumstances. It is possible under the Act for the victim to make a designation of a person or institution to receive the "restitution." This element should be explored on remand.

The order of restitution is set aside and the case is remanded for further proceedings.