UNITED STATES of America, Plaintiff-Appellee,

v.

Norman H. KEITH, Defendant-Appellant.

CA No. 84–1134.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 1984.

Decided Feb. 12, 1985.

As Amended March 5, 1985.

Gary H. Burger, Asst. U.S. Atty., Susan A. Ehrlich, Phoenix, Ariz., for plaintiff-appellee.

Thomas M. Hoidal, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Before FARRIS, ALARCON and NORRIS, Circuit Judges.

FARRIS, Circuit Judge:

## I. INTRODUCTION

Norman H. Keith pleaded guilty to charges of assault with intent to commit rape (18 U.S.C. §§ 113(a), 1153) and burglary in the second degree (18 U.S.C. § 1153 and A.R.S. §§ 13–1507, 13–701, 13–801). The district court sentenced Keith to a total of twelve years in prison on both counts and ordered him to pay restitution to the victim in the total amount of $1560. The district court denied the portion of Keith's motion for correction and reduction of sentence that sought deletion of the restitution order. Keith appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291.

Keith does not dispute the fact that the victim was injured. He nevertheless asserts that the restitution order is defective in a number of respects:

1. The district court failed to consider his indigency in determining the amount of restitution liability.

2. The order may subject him to incarceration because of his inability to pay the amount ordered.

3. The order does not require him to make restitution within a specified period or in specified installments, with the result that restitution is due immediately. *See* 18 U.S.C. § 3579(f)(3).

4. A jury trial was not held on the question of the amount of restitution liability.

5. No hearing was held on the question of the amount of restitution liability.

6. The sums awarded were based upon unverified statements of the victim contained in the presentence report.

7. Certain sums were improperly included in the order.

## II. DISCUSSION

Keith initially challenges the constitutionality of the restitution provisions of the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579, 3580. He contends that the Act violates the eighth amendment's prohibitions against excessive fines and cruel and unusual punishments, deprived him of the right to a jury trial under the sixth and seventh amendments, and denied him due process of law in violation of the fifth amendment.

### A. EIGHTH AMENDMENT

Keith contends that the Act violates the eighth amendment because under it, he may be incarcerated for a period longer than his sentence of imprisonment simply because he is financially unable to comply with the restitution order. In the cases upon which Keith relies, similar claims were raised directly under the equal protection and due process clauses of the fourteenth amendment, not under the eighth amendment. *See Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Tate v. Short,* 401 U.S. 395, 91 S.Ct.

668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

■ Keith's eighth amendment claims necessarily challenge the Act on its face because he has not been incarcerated as a result of any failure on his part to comply with the restitution order. *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) requires that incarceration of an offender for noncompliance with a restitution order be preceded by a determination that the offender has not made sufficient bona fide efforts to pay, or, if the offender has made such efforts, that alternative punishments will not satisfy the penological interests of the Government. The Act requires courts and the Parole Commission to consider the willfulness of the offender's failure to pay restitution in determining whether or not to revoke probation or parole, 18 U.S.C. § 3579(g).[1] But it does not explicitly require them to find that alternative punishments to incarceration do not satisfy the Government's penological interests before imprisoning an offender who has not complied with a restitution order but has made sufficient bona fide efforts to pay. Nothing in the Act, however, prevents us from construing it to include such a requirement. Following the canon that "[f]ederal statutes are to be so construed as to avoid serious doubt of their constitutionality," *International Association of Machinists v. Street,* 367 U.S. 740, 749, 81 S.Ct. 1784, 1790, 6 L.Ed.2d 1141 (1961), we construe the Act to incorporate the constitutional requirements of fundamental fairness set forth in *Bearden. United States v. Satterfield,* 743 F.2d 827, 842–43 (11th Cir.1984).

### B. JURY TRIAL

■ The Sixth Amendment does not guarantee a right to a jury determination of the appropriate sentence in a criminal proceeding. *Spaziano v. Florida,* — U.S. —, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984). Keith asserts, however, that the seventh amendment requires the sentencing court to hold a jury trial on the issue of the amount of restitution liability because the provision of the Act authorizing the victim to enforce a restitution order, 18 U.S.C. § 3579(h), transforms a restitution order into a civil judgment.

"[T]he question whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction." *United States v. Ward,* 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). Congress intended restitution under the Act to be a criminal penalty carrying the stigma associated with other authorized criminal sanctions. Under the Act, a court "sentencing" a defendant convicted of specified federal criminal offenses may order restitution "in addition to or in lieu of any other penalty authorized by law." 18 U.S.C. § 3579(a)(1). Unlike an award of damages in a civil action, a restitution order under the Act may compensate only for the kinds of harms enumerated in subsection 3579(b) (excluding, for example, pain and suffering) and does not bar a subsequent civil action for damages based upon the same incident. 18 U.S.C. §§ 3579(e)(2), 3580(e). Finally, the Act requires the sentencing court to consider "the financial resources of the defendant, [and] the financial needs and earning ability of the defendant and the defendant's dependents" in determining the amount of restitution liability, evidence that would be inadmissible in a

---

1. Consistent with the dictates of *Bearden,* the legislative history states that "[u]pon determination that the offender is financially capable of compliance [with a restitution order] and that failure to comply is willful, parole or probation shall be revoked." Sen.Rep. No. 97–532, 97th Cong., 2nd Sess. 33, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2539. The legislative history does not preclude the revocation of probation or parole where the offender is financial-

ly unable to make restitution and noncompliance with the restitution order is not willful. Nor does the legislative history require the courts and Parole Commission to find that alternative punishments to incarceration would not satisfy the Government's penalogical interests before revoking the probation or parole of an offender who has made sufficient bona fide efforts to pay restitution.

**1392**

civil action for damages. 18 U.S.C. § 3580(a).

▮ Congress made restitution under the Act a criminal penalty. We agree with the Second, Eighth, Tenth, and Eleventh Circuits that inclusion of the victim enforcement provision in the Act does not transform a sentencing proceeding resulting in a restitution order into an "action at common law" within the meaning of the seventh amendment. *United States v. Watchman,* 749 F.2d 616, 617 (10th Cir. 1984); *United States v. Satterfield,* 743 F.2d 827, 839 (11th Cir.1984); *United States v. Brown,* 744 F.2d 905, 910 (2d Cir.1984); *United States v. Florence,* 741 F.2d 1066, 1067–68 (8th Cir.1984). Keith was not entitled to a jury trial on the issue of the amount of restitution liability.

### C. DUE PROCESS

▮ In identifying the specific dictates of due process, we consider the private and governmental interests at stake, the risk of an erroneous deprivation of the private interests through existing procedures, and the probable value of additional or substitute procedures. *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976).

Keith disputed the amount of restitution throughout the sentencing proceedings, but he did so only by arguing that no restitution should have been awarded because of his indigency and that specific sums included in the restitution order went beyond the scope of compensable harms under the Act. Keith never challenged the accuracy of any of the specific sums that were included in the restitution order.

Although no witnesses were called on the issue of restitution and the sums requested were not verified, the district court considered Keith's objections to the inclusion of certain items in the restitution order and refused to include one of the contested claims. The presentence report set forth the victim's losses in the following amounts:

| | | |
|---|---|---|
| 1. Destruction of personal property: | | $230 |
| 2. Medical bills: | | $230 |
| 3. Lost wages: | | $650 |
| 4. Airplane ticket for victim | | $450 |
| | | $1560 |
| 5. Airplane ticket for victim's father | | $450 |
| | | $2010 |

The last item was not included in the restitution order.

▮ Where, as here, the amounts to be included in the restitution order are itemized, the objections are to their inclusion rather than to their amount, and the amounts claimed by the victim do not appear unreasonable on their face, due process is satisfied by affording the defendant an adequate opportunity to present his objections. Keith was given and took advantage of such opportunities at the sentencing and resentencing hearings, at oral argument on his motion for correction and reduction of his sentence, and in his original and supplemental sentencing memoranda. *Cf. United States v. Watchman,* 749 F.2d 616, 619 (10th Cir. 1984) (where district court, in setting amount of restitution, relied upon figures in presentence report "established by telephone conversations with unidentified persons" and record did not indicate that victim had been interviewed as to her losses, procedure followed in determining amount of restitution was not in accordance with VWPA). Keith was not denied due process.

### D. STATUTORY CLAIMS

Keith contends that the district court abused its discretion by failing to hold a hearing on the restitution issue, by ordering restitution against an indigent defendant, and by failing to consider his lack of financial resources and the financial needs and earning ability of himself and his dependents. 18 U.S.C. § 3580(a). He also asserts that the district court improperly included some claims of financial loss in the restitution order.

▮ Neither the Act nor Rule 32 requires the sentencing court to hold an evidentiary hearing on the issue of restitution.

The court may, in its discretion, allow the defendant to introduce testimony relating to any alleged factual inaccuracy contained in the presentence report, but Keith did not allege any such factual inaccuracy. Fed.R. Crim.P. 32(c)(3)(B). The Government conceded that Keith was indigent and could not make restitution at the time of sentencing, making it unnecessary to conduct a hearing on his ability to pay. Both Keith and his counsel were granted opportunities to speak on Keith's behalf, to present information in mitigation of punishment, and to comment on the presentence report. Fed. R.Crim.P. 32(a)(1)(B), (C), (c)(3)(A). The sentencing hearing satisfied the requirements of the Act and Rule 32 as well as the requirements of due process.

 The Act does not prohibit a sentencing court from imposing a restitutionary sentence upon a defendant who is indigent at the time of sentencing. *United States v. Brown*, 744 F.2d 905 at 910 (2d Cir.1984). The Act specifically instructs the sentencing court to consider the defendant's earning ability in determining the amount of restitution. 18 U.S.C. § 3580(a). The district court reasonably could have determined that Keith has sufficient earning ability to pay $1560 in restitution over the five year period following his release from prison.

 The district court apparently mistakenly assumed that subsection 3579(f)(2)(B) [2] defines the period for payment of restitution ordered under the Act. It does not. It merely defines the maximum payment period that may be specified. Subsection 3579(f)(3) provides that unless the sentencing court provides to the contrary in the restitution order, restitution is due immediately. The district court did not specify a payment period in the restitution order, thereby unintentionally making restitution due immediately. But because there is no factual dispute about Keith's present ability to pay, we hereby modify the order to provide that Keith shall pay restitution as ordered within five years after his release from confinement unless he is financially able to do so at an earlier date.

 We have reviewed the restitution order to determine if any of the amounts included fall outside the kinds of harms for which a court may order restitution under the Act. Keith asserts that the Act does not cover the victim's air fare for her visit to her family after the assault. Subsection 3579(b)(2)(A) provides that in a case involving bodily injury to the victim, the court may require the defendant to pay for the "cost of necessary medical services ... including nonmedical care and treatment...." A sentencing judge could properly find that the support and comfort of the family are important elements in the care and treatment of the psychological trauma caused by the kind of assault that resulted in Keith's conviction. Keith also argues that the victim might have left her job not because of the assault itself but rather because of an incident involving Keith's mother that was interpreted by the victim as a threat. Even if we were to accept this reading of the presentence report, the amount awarded for lost wages was proper. The possible intervening cause discussed by Keith is directly related to the assault. He cannot seriously contend that the victim's loss of wages was not "a result of [the] offense." 18 U.S.C. § 3579(b)(2)(C). *See United States v. Richard*, 738 F.2d 1120, 1123 (10th Cir.1984). All of the items were properly included in the restitution order.

Affirmed.

---

**2.** Subsection 3579(f)(2)(B) provides that the end of the period specified for payment of restitution "shall not be later than five years after the term of imprisonment imposed, if the court does not order probation." 18 U.S.C. § 3579(f)(2)(B).