STATE OF NEBRASKA, APPELLEE, V. DONALD HOLMES, APPELLANT.
379 N.W.2d 765

Filed January 17, 1986.   No. 85-295.

Hal W. Anderson of Berry, Anderson, Creager & Wittstruck, for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

The defendant, Donald Holmes, was sentenced on November 13, 1984, to imprisonment for 2½ to 3 years for delivery of cocaine and ordered to pay the costs of the action.

On December 11, 1984, the defendant filed a motion for the return of $2,700 that had been seized at the time of his arrest on September 20, 1983. The motion alleged the money had been in a safe in his home and was "not in the immediate vicinity of any drugs, narcotics or any other drug paraphernalia, nor is there

any evidence that said money was derived from the sale of drugs or intended to be used in the purchase or transferring of drugs or other narcotics." The motion further alleged that the money was "not needed for evidence in any case, nor [has it] been used as evidence in any case."

The motion was heard on February 12, 1985. In support of the motion the defendant introduced an affidavit stating that he owned $2,700 that had been stored in a safe in his Lincoln, Nebraska, home, which sum was not used in unlawful gambling nor in lotteries. Attached to and incorporated in the affidavit was a copy of the Nebraska State Patrol inventory of Holmes' vehicles, dwellings, or buildings, which he received on the date of his arrest. The inventory sheet indicates that $2,700 in cash was taken from a safe in the defendant's home on September 20, 1983.

The State presented no evidence other than a stipulation that $6,390 was expended by the Nebraska State Patrol in buying cocaine from Holmes on June 13 and June 20, 1982, and that none of that money had been repaid by the defendant. The county attorney then, by oral motion, requested that the trial court, pursuant to Neb. Rev. Stat. § 28-427 (Reissue 1979), order the defendant to make restitution in the amount of $6,390 to the Nebraska State Patrol for the purchase of controlled substances.

On February 14, 1985, the trial court found that the defendant's motion for return of the money should be denied. The defendant was ordered to make restitution within 10 days to the Nebraska State Patrol in the amount of $6,390, and the $2,700 held by the State Patrol was to be applied to the restitution. The defendant has appealed from that order.

The defendant contends (1) that the trial court erred in failing to order the return of the seized property pursuant to Neb. Rev. Stat. §§ 29-818 et seq. (Reissue 1979), and (2) that the trial court erred in sustaining the oral motion of the State for the imposition of additional sanctions upon the defendant, in that it lacked jurisdiction under § 28-427 to do so at the time.

The defendant contends that since there were no pleadings or testimony at the February 12, 1985, hearing to indicate anything other than that the money belonged to him, the court

should have ordered the $2,700 be returned to him. He relies upon §§ 29-818 et seq. as authority for an order returning the money.

Section 29-818 gives the court in which the complaint was filed exclusive jurisdiction to determine the rights to seized property and the disposition of it. Section 29-820 provides in part:

> *Unless other disposition is specifically provided by law,* when property seized or held is no longer required as evidence, it shall be disposed of on order of the court on such showing as the court may deem adequate, as follows:
>
> . . . .
>
> (2) Money shall be restored to the owner unless it was used in unlawful gambling or lotteries in which case it shall be forfeited and disposed of as required by Article VII, section 7, Constitution of Nebraska.

(Emphasis supplied.)

The trial court did not order the seized funds be returned to the defendant, because it found the defendant should make restitution under § 28-427.

Section 28-427 provides:

> Any penalty imposed for violation of this article shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law. A conviction or acquittal under federal law or the law of another state having a substantially similar law shall be a bar to prosecution in this state for the same act. Should any person be convicted for violation of this article, in addition to any penalty imposed by the court, the court may order that such person make restitution to any law enforcement agency for reasonable expenditures made in the purchase of any controlled substances from such person or his agent as part of the investigation leading to such conviction.

At the February 12, 1985, hearing it was stipulated that $6,390 was expended by the Nebraska State Patrol in buying cocaine from the defendant on June 13 and June 20, 1982. It was also stipulated that none of this money had been repaid to the State Patrol.

The defendant contends that the trial court lacked jurisdiction to order restitution because restitution must be a part of the sentence and a valid sentence had been imposed previously. The defendant argues that the restitution order amounted to a change or increase in his sentence and could not be imposed at the February 1985 hearing, because he had been validly sentenced previously.

A sentence validly imposed takes effect from the time it is pronounced, and a subsequent sentence fixing a different term is a nullity. See *State v. Cousins*, 208 Neb. 245, 302 N.W.2d 731 (1981). See, also, *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984); *State v. Christiansen*, 217 Neb. 740, 351 N.W.2d 67 (1984); *State v. Kinney*, 217 Neb. 701, 350 N.W.2d 552 (1984); *State v. Sliva*, 208 Neb. 647, 305 N.W.2d 10 (1981); *State v. Brewer*, 190 Neb. 667, 212 N.W.2d 90 (1973).

The rule against changing a validly imposed sentence applies, consistent with its double jeopardy origins, when conditions amounting to punishment are ordered upon conviction, after which *additional punishment* may not be imposed. *Whedbee v. Powell, Comr. of Motor Vehicles*, 41 N.C. App. 250, 254 S.E.2d 645 (1979). See, also, A. Campbell, Law of Sentencing § 58 (1978).

The first two sentences of what is now § 28-427 originated as § 16 of 1971 Neb. Laws, L.B. 326.

It is clear from the language of § 16 of L.B. 326 that the Legislature contemplated that civil or administrative penalties or sanctions might be imposed upon a defendant convicted of violating the Nebraska drug laws and that such penalties or sanctions were to be in addition to, and not in lieu of, penalties imposed for the offense itself.

In 1974 the third sentence of what is now § 28-427 was added by 1974 Neb. Laws, L.B. 748. Its purpose was to permit the State to recover "buy money" expended in purchasing controlled substances from a defendant.

Whether a particular statutory penalty is civil or criminal in nature is a matter of statutory construction. *United States v. Ward*, 448 U.S. 242, 100 S. Ct. 2636, 65 L. Ed. 2d 742 (1980). Restitution under the federal Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 1501 et seq. (1982), has been held to

be a criminal penalty. *United States v. Keith*, 754 F.2d 1388 (9th Cir. 1985); *United States v. Florence*, 741 F.2d 1066 (8th Cir. 1984).

Unlike the federal Victim and Witness Protection Act, which requires that restitution under that act be imposed at the time of and as a part of the sentencing procedure (18 U.S.C. § 3579), § 28-427 is silent as to when an order for restitution can be made. The only requirements are that the defendant have been convicted of a violation of the article and that the restitution be for "reasonable expenditures made in the purchase of any controlled substances" from the defendant or his agent as part of the investigation leading to the conviction. The facts in the present case satisfy all of these requirements.

The order for restitution can be made at the time of the sentencing, but there is no statutory requirement that it be made at that time.

We think the restitution which § 28-427 provides for is not a criminal penalty to be imposed as punishment for the crime, but is in the nature of "a civil or administrative penalty or sanction" which is "in addition to any penalty imposed by the court." Its purpose is to prevent the defendant from profiting by his crime and to restore the funds expended by the State in the investigation of the crime. See *United States v. $2,500 in United States Currency*, 689 F.2d 10 (2d Cir. 1982) (construing nonpunitive purposes of the forfeiture provisions of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 871-886 (1976)). See, also, *People v. Evans*, 122 Ill. App. 3d 733, 461 N.E.2d 634 (1984).

Restitution differs from forfeiture in that it is unnecessary to identify money found in the possession of the defendant as the money received by the defendant from a particular sale of drugs. An order that the defendant make restitution creates a debt in favor of the State which can be satisfied from any funds belonging to the defendant.

Other courts have recognized that "[a] penalty is in the nature of punishment for the nonperformance of an act or for the performance of an unlawful act. It involves the idea of punishment." *Hoffmann v. Clark*, 69 Ill. 2d 402, 429, 372 N.E.2d 74, 87 (1977). See, also, *Hidden Hollow Ranch v.*

*Collins*, 146 Mont. 321, 406 P.2d 365 (1965); *S. C. State Hwy. Dept. v. Southern Rwy. Co.*, 239 S.C. 227, 122 S.E.2d 422 (1961); *Julian v. Burrus*, 600 S.W.2d 133 (Mo. App. 1980).

Restitution, on the other hand, is *not* punitive in nature. "As contrasted to a fine, restitution is considered rehabilitative rather than punitive; contrasted to forfeiture, it is regarded as indemnifying the victim rather than dispossessing the offender." A. Campbell, Law of Sentencing § 10 at 49 (1978). See, also, *State v. Fader*, 358 N.W.2d 42 (Minn. 1984).

The defendant argues that the caption to § 28-427 supports his argument that restitution amounts to a penalty or punishment. The caption to § 28-427 reads "Additional penalties; exception." The heading, or catchline, is supplied in the compilation of the statutes and does not constitute any part of the law. See, Neb. Rev. Stat. § 49-802(8) (Reissue 1984); *Cosentino v. City of Omaha*, 186 Neb. 407, 183 N.W.2d 475 (1971).

We conclude that restitution imposed under § 28-427 is not a part of the sentence and that the trial court had jurisdiction to make the order of restitution on February 14, 1985, following the hearing on the oral motion of the State. The judgment of the district court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., dissenting.

I must respectfully dissent from the majority in this case. The majority opinion has correctly noted that a sentence validly imposed takes effect from the time it is pronounced, that a subsequent sentence fixing a different term is a nullity, and that a sentence, once imposed, may not be altered or modified thereafter. The majority opinion, however, justifies imposing restitution provided for by Neb. Rev. Stat. § 28-427 (Reissue 1979) at some time after the imposition of the sentence of imprisonment on the theory, apparently, that the order for restitution is not part of the criminal penalty but, rather, is in some manner a civil debt now reduced to judgment and owed by the defendant to the State of Nebraska. I do not believe that either the language of the statute or the procedures provided for by statute for the imposition of an order of restitution can support that conclusion, and it is for that reason that I must

dissent.

As noted by the majority opinion, § 28-427 provides:

> *Any* penalty imposed for violation of this article shall be in addition to, and not in lieu of, any *civil or administrative penalty* or sanction authorized by law. A conviction or acquittal under federal law or the law of another state having a substantially similar law shall be a bar to prosecution in this state for the same act. Should any person be convicted for violation of this article, in addition to any penalty imposed by the court, the court may order that such person make restitution to any law enforcement agency for reasonable expenditures made in the purchase of any controlled substances from such person or his agent as part of the investigation leading to such conviction.

(Emphasis supplied.)

One who violates the provisions of "this article" may be guilty of committing anything from an infraction to a Class II felony and as such may be ordered to pay a fine of as little as $100 or to be imprisoned for as long as 50 years. Section 28-427 merely provides that in addition to the penalty for violating the act for which fine or imprisonment may be imposed, the defendant may additionally be penalized by being ordered to make restitution to the State for reasonable expenditures incurred by the State when purchasing a controlled substance as part of the investigation and subsequent arrest. That the imposition of an order of restitution "imposed for violation of this article" is a criminal penalty and not intended to be either a civil or administrative penalty is clearly spelled out by the language of § 28-427 itself. As noted by the majority, the first sentence provides that "[a]ny penalty imposed for violation of this article shall be in addition to, and not in lieu of, any civil or administrative penalty or sanction authorized by law." In my view it is significant that the act includes "any penalty" imposed for violation of the article and says that it shall be in addition to any civil or administrative penalty. Had it said that it was in addition to any "other" penalty, the argument made by the majority might wash. Here, however, it specifically says that any penalty imposed for violation of the article shall not be in

lieu of any civil or administrative penalty. Interestingly enough, the word "criminal" is not included in the litany for which this penalty shall be in addition. In view of the fact that penalties are either criminal, civil, or administrative in nature and only civil and administrative penalties are excluded from the list, to suggest that the imposition of an order of restitution as a penalty imposed for violation of § 28-427 is civil in nature and not criminal is clearly wrong. I have difficulty concluding that the imposition of restitution under this article can be anything more than an additional criminal penalty imposed by the court, and as such must be imposed at the same time as other penalties are imposed.

This appears to be the view taken by at least most, if not all, of the federal courts of appeals which have passed upon a similar though not identical statute. In the case of *United States v. Keith*, 754 F.2d 1388 (9th Cir. 1985), the U.S. Court of Appeals for the Ninth Circuit was asked to pass upon an order of restitution imposed pursuant to the provisions of the Victim and Witness Protection Act of 1982, 18 U.S.C. §§ 3579 and 3580 (1982). Specifically, the defendant contended that the trial court was required to hold a jury trial, under the sixth and seventh amendments to the federal Constitution, before it could impose an order of restitution. The defendant specifically asserted that the seventh amendment to the federal Constitution required the sentencing court to hold a jury trial on the issue of the amount of restitution liability because the provision of the act authorizing the victim to enforce a restitution order, § 3579(h), transformed a restitution order into a civil judgment. In rejecting the argument in *Keith, supra*, the court of appeals said at 1391-92:

> "[T]he question whether a particular statutorily defined penalty is civil or criminal is a matter of statutory construction." *United States v. Ward*, 448 U.S. 242, 248, 100 S.Ct. 2636, 2641, 65 L.Ed.2d 742 (1980). Congress intended restitution under the Act to be a criminal penalty carrying the stigma associated with other authorized criminal sanctions. Under the Act, a court "sentencing" a defendant convicted of specified federal criminal offenses may order restitution "in addition to or in lieu of any other

penalty authorized by law." 18 U.S.C. § 3579(a)(1). Unlike an award of damages in a civil action, a restitution order under the Act may compensate only for the kinds of harms enumerated in subsection 3579(b) (excluding, for example, pain and suffering) and does not bar a subsequent civil action for damages based upon the same incident. 18 U.S.C. §§ 3579(e)(2), 3580(e). . . .

Congress made restitution under the Act a criminal penalty. We agree with the Second, Eighth, Tenth, and Eleventh Circuits that inclusion of the victim enforcement provision in the Act does not transform a sentencing proceeding resulting in a restitution order into an "action at common law" within the meaning of the seventh amendment. *United States v. Watchman*, 749 F.2d 616, 617 (10th Cir. 1984); *United States v. Satterfield*, 743 F.2d 827, 839 (11th Cir. 1984); *United States v. Brown*, 744 F.2d 905, 910 (2d Cir. 1984); *United States v. Florence*, 741 F.2d 1066, 1067-68 (8th Cir. 1984). Keith was not entitled to a jury trial on the issue of the amount of restitution liability.

The majority's effort to distinguish the federal Victim and Witness Protection Act from the instant act appears to me to be a distinction without a difference. While it is true that the federal Victim and Witness Protection Act specifically provides that the restitution shall be imposed at the time of sentence, if, as I believe it to be correct, restitution in this case is a criminal penalty, it must be imposed at the time of sentencing, whether our statute makes such provision or is silent. Furthermore, where, as the majority notes, the imposition of the restitution order is dependent upon the defendant's having been found guilty of a crime under "this article" and may not be imposed absent such a conviction or independent of such conviction, I am unable to conclude how it can be said that this is a civil penalty and not a criminal penalty imposed under the provisions of the criminal statute § 28-427.

The majority opinion makes some point of the fact that the first two sentences of § 28-427 were adopted in 1971, and with that language known to the Legislature, the last sentence was adopted in 1974. I would only point out that one must therefore conclude that the Legislature knew that this order of restitution

was to be an additional criminal penalty imposed for a violation of the article and was not "in lieu of any civil or administrative" penalties otherwise imposed.

Furthermore, the majority suggests that the order for restitution can be made at the time of the sentencing, but there is no statutory requirement that it be made at that time. I would suggest that if, indeed, as the majority contends, the order of restitution is a civil penalty and not part of the criminal act, it cannot be imposed at the time of the sentencing but, rather, must be imposed only after the defendant has been afforded proper due process, including the filing of some form of petition by the State and a trial at which the State is required to prove by a preponderance of the evidence that the amounts of moneys spent were "reasonable expenditures." A civil penalty cannot be imposed upon the defendant at the time of the imposition of a criminal sentence at the will of the State and without some form of trial. The defendant has some right to defend the imposition of a civil judgment. The fact that the Legislature did not see fit to provide any procedure for that trial appears to me to only be further evidence that the Legislature believed that the order of restitution was a part of the criminal penalty and could be imposed by the trial court in the same manner that the trial court can impose the payment of costs or any other fine.

While I wholeheartedly support the purpose of the section in question and believe that a defendant convicted of violating a section of the Uniform Controlled Substances Act (Neb. Rev. Stat. §§ 28-401 et seq. (Reissue 1979 & Cum. Supp. 1984)) should be ordered to make restitution and should not be permitted to profit from the sale of illegal drugs to the government, I likewise believe that we must hold it to be a part of the criminal action and therefore require it to be imposed at the time that the sentence is imposed. There is no outstanding mystery existing at that point of time. The government knows precisely how much money it has expended in purchasing a controlled substance from the defendant and can make that request prior to the time that the sentence is imposed. There is not anything in the act which requires that the defendant must have the ability at the time of sentencing to make restitution,

but only that he be ordered to make restitution when and if he can. For that reason I would have held that the order of restitution ordered by the district court was criminal in nature and came too late, and I would therefore reverse and remand.

CAPORALE and SHANAHAN, JJ., join in this dissent.