**CNA INSURANCE COMPANIES, d/b/a American Casualty of Reading, Pennsylvania, Respondent,**

v.

**CASWELL–ROSS AGENCY, et al., Defendants,**

**Conrad Bruce Solomonson, Appellant.**

No. C6–92–1675.

Court of Appeals of Minnesota.

March 16, 1993.

Helen A. Winder, Austin & Abrams, P.A., Minneapolis, for respondent.

John G. Westrick, Walsh & Westrick, St. Paul, for appellant.

Considered and decided by CRIPPEN, P.J., and DAVIES and AMUNDSON, JJ.

## OPINION

DAVIES, Judge.

Appellant Conrad Bruce Solomonson challenges the denial of his motion for a new trial, contending that a restitution order arising out of a federal criminal conviction may not be the sole basis for a civil judgment in state court. We reverse and remand.

1. We have been furnished an incomplete record. Our disposition takes account of the resulting

## FACTS

Prior to the commencement of this civil action, appellant was convicted of mail fraud in United States District Court. The federal court ordered appellant to make restitution to respondent CNA Insurance Companies in the amount of $51,290 pursuant to the Victim and Witness Protection Act of 1982 ("VWPA"), 18 U.S.C. §§ 3663–3664 (1988).

Respondent then commenced this fraud action. After a two-day bench trial, the court issued its findings of fact, conclusions of law, and order for judgment. The order included entry of judgment for $51,290 against appellant based, it appears,[1] upon the federal restitution order.

Appellant moved for a new trial on the grounds that the order for judgment was contrary to law. The trial court denied the motion and judgment was entered accordingly. This appeal followed.

## ISSUES

I. Did the trial court err as a matter of law in basing its civil judgment on a federal restitution order?

II. What is the collateral effect of the criminal conviction?

## ANALYSIS

When reviewing questions of law, this court owes no deference to the trial court's conclusion. *County of Lake v. Courtney,* 451 N.W.2d 338, 340 (Minn.App. 1990), *pet. for rev. denied* (Minn. Apr. 13, 1990). In particular, independent review is appropriate on appeal from a decision applying a statute to undisputed facts. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992).

Statutes "should be construed according to their plain and ordinary meaning." *Nadeau v. Austin Mut. Ins. Co.,* 350 N.W.2d 368, 373 (Minn.1984); *see also* Minn.Stat. § 645.16 (1992) ("When the

uncertainty.

words * * * are clear and free from all ambiguity, the letter of the law shall not be disregarded.").

## I.

 Appellant contends it would be error for the trial court to base its order for judgment solely on the federal restitution order. We agree.

Under the civil enforcement of the VWPA provision:

An order of restitution *may be enforced—*

\* \* \* \* \* \*

(2) by a victim named in the order to receive the restitution, *in the same manner* as a judgment in a civil action.

18 U.S.C. § 3663(h)(2) (1988) (emphasis added).

Section 3663, by its unambiguous terms, falls short of converting an order for restitution into a civil judgment. *United States v. Florence,* 741 F.2d 1066, 1067 (8th Cir. 1984). It does not authorize the entry of civil judgment. What the statute provides is a restitution order which may be enforced in the same manner as a civil judgment and normally has a life of *five* years.[2] The order then expires, *without* a right of renewal.[3] The respondent is not entitled, therefore, to have the five-year order converted into a ten-year civil judgment which may then be renewed. The order of the trial court, which appears, in effect, to so transform the restitution order, is reversed.

## II.

 Section 3664(e) of the VWPA provides:

A conviction of a defendant for an offense involving the act giving rise to restitution under this section shall estop the defendant from denying the essential allegations of that offense in any subsequent Federal civil proceeding or State civil proceeding.

18 U.S.C. § 3664(e) (1988). Thus, the defendant is barred in a later proceeding from challenging facts underlying the criminal offense that were necessarily decided by the jury's verdict, but only those facts. *Id.; United States v. Satterfield,* 743 F.2d 827, 838 (11th Cir.1984), *cert denied,* 471 U.S. 1117, 105 S.Ct. 2362 (1985).

Appellant argues that, since he was convicted of federal mail fraud, only the elements of that crime should have a collateral estoppel effect in this state court action. He contends that not all elements of a fraud action were litigated in the criminal action. He points, in particular, to the issue of damages.

The limited record presented to us does not indicate whether testimony was given in state court on the issue of damages. Furthermore, the court did not provide a memorandum of law to guide us as to the rationale for its order. The record we have does not support the trial court's order, if based on collateral estoppel alone. It is, likewise, unclear whether the court treated the restitution order simply as establishing a prima facie case which, though subject to rebuttal, was not rebutted.

## DECISION

The trial court erred as a matter of law to the extent it based its civil judgment solely on a federal restitution order. The trial court may on remand re-examine the record to determine whether the evidence as to damages received in the state court proceeding, combined with collateral estoppel on other issues, support the order for judgment. In the alternative, the trial court may take further evidence, if appropriate, or grant a new trial.

Reversed and remanded.

<hr/>

**2.** 18 U.S.C. § 3663(f)(2)(C) (1988). The statute makes allowances for periods of probation and imprisonment. 18 U.S.C. § 3663(f)(2)(A)–(B) (1988).

**3.** *See generally* 18 U.S.C. § 3663.