Leonard L. Buddenbohm Atchison County Counselor 107 North Sixth Street Atchison, Kansas 66002
Dear Mr. Buddenbohm:
You request our opinion regarding whether the Board of Commissioners of Atchison County can obtain a garnishment against one or both parents based upon a court order assessing attorney fees in a child-in-need-of-care matter.
A child-in-need-of-care (CINC) action can be filed by an individual or the State of Kansas through the actions of a county or district attorney.[1] Such action requests that a court determine whether a child is in need of the State's protection because the child falls within the statutory definition of a "child in need of care."[2]
The parties to such an action include the petitioner, usually a county or district attorney,[3] and any "interested party" which includes "the state, the petitioner, the child, any parent and any person found to be an interested party pursuant to K.S.A.38-1541."[4] [K.S.A. 38-1541 allows a court to include in the action a person with whom the child has been residing or a relative.]
Generally, the court appoints an attorney to represent the parents if the latter are indigent, and appoints an attorney to serve as the guardian ad litem for the child.[5] The attorney fees may be assessed as an expense in the proceedings.[6] Such attorney fees are paid initially by the county:
 "(b) Expenses. The expenses for proceedings under this [CINC] code, including . . . fees and expenses approved by the court for appointed attorneys, shall be paid by the board of county commissioners from the general fund of the county."[7]
(Emphasis in the original.)
However, K.S.A. 1998 Supp. 38-1511 provides for reimbursement to the county:
 "(2) Expenses may be assessed against . . . an interested party . . . [When] expenses are recovered from a party against whom they have been assessed, the general fund of the county shall be reimbursed in the amount of the recovery . . ."[8] (Emphasis added.)
In Atchison County, the District Court issues an order assessing attorney fees in a fixed amount to one or both parents and, on occasion, to the child. You inquire whether Atchison County may rely upon that order to garnish the parents' assets.
Garnishment is a proceeding by a creditor to obtain satisfaction of an indebtedness from the assets of a debtor that are held by a third party.[9] K.S.A. 60-714 et seq. set forth the statutory framework for garnishment. Since garnishment is an extraordinary remedy, the statutes must be strictly followed.[10]
K.S.A. 60-716 provides, in part:
 "As an aid to the enforcement of a judgment, an order of garnishment may be obtained and shall be issued by the clerk of the court . . . either in connection with an execution or independently . . . as designated by the written direction of the party entitled to enforce the judgment." (Emphasis added.)
As defined by the Code of Civil Procedure, a judgment is the "final determination of the rights of parties to an action by a court."[11] However, not every court order that requires a party to pay money is a civil judgment that can provide the basis for a garnishment. In Church Mut. Ins. Co. v. Rison,[12] the court examined whether an award of restitution in a criminal matter was equivalent to a civil judgment and concluded that it was not. When Church was decided in 1991, K.S.A. 21-4603d provided only that a court could order a defendant in a criminal case to pay restitution as a condition of probation. It was not until 1995 when the Legislature made restitution a civil judgment enforceable by execution and garnishment.[13]
In Kucera v. State,[14] the Kansas Supreme Court interpreted a statute that addressed the enforcement of property tax liens and whether such lien was a civil judgment for purposes of dormancy. The statute in question provided that the county clerk was to "enter the amount [of the unpaid tax warrant] on [the] judgment docket, which [tax] shall become a lien on real estate, in thesame manner as a judgment." After reviewing the statutory scheme for collecting property taxes, the Court concluded that the lien did rise to the level of a judgment even though it did not "fit the definition of `judgment' as found in the code of civil procedure."
A court order assessing attorney fees in a CINC action does not exactly fit the definition of a "judgment" in the Code of Civil Procedure.[15] Unlike Kucera, which dealt with a comprehensive statutory scheme for the collection of property taxes, the CINC Code contains no direction concerning whether an order assessing attorney fees is a civil judgment or whether it can be enforced as a civil judgment.
It is interesting to note that the CINC Code does provide that, onappeal from a CINC decision, a parent's attorney fees are paid by the county subject to reimbursement by the party against whom the fees are assessed. If the court assesses the fees against a parent, the county "may enforce the order [for attorney fees] as a civil judgment."[16]
In addition to the CINC Code, the Legislature has provided similar treatment for the enforcement of certain court orders for attorney fees. The Kansas Juvenile Justice Code contains a provision for recoupment by the county of attorney fees in juvenile offender appeals where the county initially pays the attorney fees subject to reimbursement by the appellant.[17] If the court orders the fees assessed against the appellant, "the county may enforce the order as a civil judgment."[18] K.S.A. 1998 Supp. 22-4513
authorizes the assessment of attorney fees in felony cases which can be "enforced as judgments for the payment of money in civil cases."[19]
The lesson of Church and Kucera is that a court order that assesses an amount of money against a party may not constitute a civil judgment that can be enforced by execution and garnishment in the absence of statutory authority. Clearly, if the Legislature is so disposed, it may authorize the enforcement of court orders for attorney fees in CINC matters in the same manner as civil judgments or it can provide, similar to restitution, that the award of attorney fees is a civil judgment. However, in the absence of such authority, it is our opinion that a court order that assesses attorney fees in CINC actions is not a civil judgment nor can such an order be enforced in the same manner as a civil judgment.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 38-1529.
[2] K.S.A. 1998 Supp. 38-1502, as amended by L. 1999, Ch. 116, § 42 and Ch. 156, § 4.
[3] K.S.A. 38-1510; 38-1529.
[4] K.S.A. 1998 Supp. 38-1502, as amended by L. 1999, Ch. 116, § 42 and Ch. 156, § 4.
[5] K.S.A. 1998 Supp. 38-1505.
[6] Id.
[7] K.S.A. 1998 Supp. 38-1511.
[8] Id.
[9] 6 Am.Jur.2d Attachment and Garnishment, § 2.
[10] Porter v. Trapp, 160 Kan. 662 (1946).
[11] K.S.A. 1998 Supp. 60-254.
[12] 16 Kan. App. 2d 315 (1991).
[13] K.S.A. 22-3424. See, also, United States v. Florence,741 F.2d 1066 (8th Cir., 1984) and CNA Insurance Co. v.Caswell-Ross Agency, 497 N.W.2d 633 (Minn., 1993): a federal statute that provided that an order of restitution could be enforced "in the same manner as a judgment in a civil action" did not convert the order into a civil judgment.
[14] 160 Kan. 624 (1945).
[15] K.S.A. 1998 Supp. 60254(a): A judgment is the final determination of the rights of the parties in an action.
[16] K.S.A. 38-1593.
[17] K.S.A. 38-1685.
[18] Id.
[19] The Legislature has also seen fit to allow certain civil penalties to be "enforced in the same manner as a judgment of a district court." See K.S.A. 39-946: adult care homes; K.S.A. 1998 Supp. 55-443: petroleum products; K.S.A. 83-501 and 83-502: weights and measures law violations.