UNITED STATES of America, Plaintiff-Appellee,

v.

J.C. FRANKLIN, Defendant-Appellee,

v.

Earle T. MYERS, Appellant.

No. 85–7730.

United States Court of Appeals, Eleventh Circuit.

June 27, 1986.

Rehearing and Rehearing En Banc Denied Aug. 1, 1986.

David Cromwell Johnson, Leila Hirayama, Birmingham, Ala., for Myers.

Frank W. Donaldson, U.S. Atty., John Ott, Asst. U.S. Atty., Birmingham, Ala., for U.S.

Sheldon Perhacs, Birmingham, Ala., for Franklin.

Before TJOFLAT and KRAVITCH, Circuit Judges, and DUMBAULD *, Senior District Judge.

PER CURIAM:

Congress enacted the Victim and Witness Protection Act of 1982 (the Act), Pub.L. No. 97–291, 96 Stat. 1248, "to strengthen existing legal protections for victims and witnesses of Federal crimes." S.Rep. No. 532, 97th Cong., 2d Sess. 9, *reprinted in* 1982 U.S.Code Cong. & Ad.News 2515, 2515. The Act amended Fed.R.Crim.P. 32(c)(2) to require that a "victim impact statement" be included in every presentence report. The impact statement must contain "verified information assessing the financial, social, psychological, and medical impact upon the victim of the crime committed by the defendant." *Id.* at 13, *reprinted in* 1982 U.S.Code Cong. & Ad.

News at 2519. The court, when sentencing the defendant, may order the defendant to make restitution to the victim. 18 U.S.C. §§ 3579, 3580 (1982). If the court fails to order restitution or orders only partial restitution, it must state its reasons on the record. *Id.* § 3579(a)(2).

J.C. Franklin pled guilty to a charge of transporting in interstate commerce goods and merchandise known to be stolen and having a value of more than $5,000.00, in violation of 18 U.S.C. § 2314 (1982). The district court entered a verdict of guilty, sentenced Franklin to a three-year term of imprisonment, and pursuant to 18 U.S.C. §§ 3579, 3580 (1982), ordered Franklin to make restitution to the victim of the crime, Earle T. Myers, in the amount of $5,000.00. Myers, a non-party to the criminal proceeding,[1] was dissatisfied with the amount of restitution ordered and filed a notice of appeal from the district court's final judgment.[2]

Our appellant jurisdiction is established by Congress. Appellant cites no statute, including the Act, and we find none, that would give us the authority to entertain an appeal by a victim, such as appellant, who

---

* Honorable Edward Dumbauld, Senior U.S. District Judge for the Western District of Pennsylvania, sitting by designation.

1. Myers has never sought leave to intervene in the proceedings before the district court.

2. Considering the facts of this case, Myers' dissatisfaction with the restitution award of $5,000 is understandable and raises disturbing issues concerning the Government's interpretation of its role under the Act. Although Myers submitted to the Government an itemized list of stolen articles with their market values totaling $69,908, the district court did not consider the list at the sentencing hearing because it was not authenticated. *Cf. United States v. Keith,* 754 F.2d 1388, 1392 (9th Cir.) (court may rely on unverified itemized list of victim's losses where defendant did not object to amounts claimed), *cert. denied,* — U.S. —, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985); *United States v. Florence,* 741 F.2d 1066, 1069 (8th Cir.1984) (court at sentencing hearing involving restitution may consider broad range of evidence including "uncorroborated hearsay evidence" that the defendant had an opportunity to rebut). Myers was not present to authenticate the list or testify as to the value of the stolen articles because he re-

ceived no notice of the hearing. Thus, the Government apparently failed to meet its burden, which the Act explicitly places on it, to demonstrate the amount of the loss sustained by the victim. 18 U.S.C. § 3580(d) (1982).

If on the other hand, the Government's position was that the list submitted was adequate, its failure to pursue the claim is troubling. The Government notes in its submission to this court that the Act contains no express provisions granting the victim or the Government the right to appeal, thus implying that it, like the victim, may not appeal a restitution order. The Government ignores the fact that, unlike the victim, it is a party to the case. Although the issue of the Government's right to appeal a restitution order is not before us, we note that the Act's requirement that the district court articulate its reasons for refusing to order restitution or for ordering only partial restitution supports the view that Congress intended appellate review be available. *See* 18 U.S.C. § 3579(a)(2) (1982). In addition, this court has exercised jurisdiction over a cross-appeal by the Government from a district court's refusal to comply with the restitution provisions of the Act. *United States v. Satterfield,* 743 F.2d 827 (11th Cir. 1984), *cert. denied,* — U.S. —, 105 S.Ct. 2362, 86 L.Ed.2d 262 (1985).

was not a party to the sentencing proceeding in the district court. Accordingly, we must dismiss appellant's appeal for want of jurisdiction. In doing so, however, we intimate no view on two issues not before us: First, whether a victim has an implied right [3] to intervene in a sentencing proceeding, to urge the district court to incorporate a restitution order in the sentence it imposes upon the defendant; second, whether an appeal may be taken to this court from an order denying such intervention or, if intervention is granted, from the district court's final disposition of the restitution issue.

DISMISSED.

**3.** The Act contains no provision expressly granting a victim the right to intervene in the sentencing proceeding to litigate his right to restitution. Thus, if such a right exists it must be implied. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith v. Curran,* 456 U.S. 353, 378, 102 S.Ct. 1825, 1839, 72 L.Ed.2d 182 (1982); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 15–16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979); *Touche Ross & Co. v. Redington,* 442 U.S. 560, 575–76, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979); *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975); *Liberty Nat'l Ins. Holding Co. v. Charter Co.,* 734 F.2d 545, 558 (11th Cir.1984).