[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12716 ; 11-12802
_____

D.C. Docket Nos. 1:10-cr-20906-MGC-1 ; 1:10-cr-20907-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALCATEL-LUCENT FRANCE, SA,
f.k.a. Alcatel CIT, S.A.,
ALCATEL-LUCENT TRADE INTERNATIONAL, A.G.,
f.k.a. Alcatel Standard, A.G., ALCATEL CENTROAMERICA, S.A.,
f.k.a. Alcatel de Costa Rica, S.A.,

Defendants - Appellees,

INSTITUTO COSTARRICENSE DE ELECTRICIDAD,

Interested Party - Appellant.
_____

Appeals from the United States District Court
for the Southern District of Florida
_____
(August 3, 2012)

Before WILSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

In this consolidated appeal, Instituto Costarricense de Electricidad appeals

the District Court's denial of its asserted right to victim status under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, and seeks restitution. After thorough review of the record, and with the benefit of oral argument, we conclude that we lack jurisdiction to hear the appeal.

I.

In December 2010, the United States filed a criminal information against Alcatel-Lucent, charging it with violating provisions of the Foreign Corrupt Practices Act (FCPA), 15 U.S.C. § 78dd-1. The government simultaneously filed criminal informations against three subsidiaries of Alcatel-Lucent—Alcatel-Lucent France, Alcatel Lucent Trade International, and Alcatel Centroamerica (the Subsidiaries)—charging them with conspiracy to violate the FCPA's accounting and anti-bribery provisions. In February 2011, Alcatel-Lucent entered into a deferred prosecution agreement and factual proffer with the United States. The agreement deferred prosecution for three years, subject to Alcatel-Lucent's compliance with specific reforms in its accounting and oversight controls, and required Alcatel-Lucent to pay a penalty of $92 million. Also in February 2011, the Subsidiaries each pleaded guilty to one count of conspiracy to violate the anti-bribery and accounting provisions of the FCPA, accepting the facts of the criminal informations as true.

2

The facts proffered in Alcatel-Lucent's deferred prosecution agreement identified appellant Instituto Costarricense de Electricidad (ICE).  According to the proffer, ICE is a wholly state-owned Costa Rican telecommunications company responsible for "awarding and administering public tenders for telecommunications contracts."  Alcatel-Lucent admitted that it hired and paid unusually large fees to "consultants," who in turn curried favor with ICE officials and board members to secure telecommunications contracts by offering direct bribes or kickbacks from any contracts awarded by ICE to Alcatel-Lucent or its subsidiaries.  The criminal informations filed against the Subsidiaries also set out that high-ranking ICE officials and board members accepted bribes and kickbacks in exchange for awarding lucrative contracts to the Subsidiaries.

At a status conference in the District Court in March 2011, counsel for ICE requested an opportunity to be heard.  ICE asserted that it was entitled to certain rights under the Crime Victims' Rights Act, 18 U.S.C. § 3771.  The District Court ordered a presentence report on ICE's purported victim status, and granted ICE an opportunity to make a presentation to the Probation Office.  In May 2011, ICE filed a "Petition for Relief Pursuant to 18 U.S.C. § 3771(d)(3) and Objection to Plea Agreements and Deferred Prosecution Agreement" in both cases.  ICE sought "protection of its rights as a victim of the Alcatel-Lucent Defendants" pursuant to

the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, and the Victim Witness Protection Act (VWPA), 18 U.S.C. § 3664. It requested that the District Court issue an order declaring it a victim of Alcatel-Lucent and the Subsidiaries' criminal conduct, pursuant to the CVRA. On June 1, 2011, the District Court held a change of plea and sentencing hearing in both cases during which it addressed ICE's alleged victim status, and granted ICE an opportunity to present its arguments. At the close of ICE's argument, the Court determined that ICE was not a victim under the CVRA, citing the "pervasiveness of the illegal activity" among ICE officers and board members.

The Court then accepted the guilty pleas of the Subsidiaries, having already accepted the deferred prosecution agreement with Alcatel-Lucent. The guilty pleas did not include an award of restitution.

On June 10, 2011, ICE timely appealed the District Court's June 1 oral ruling denying its petition for victim status in both cases. Then on June 15, ICE filed in this Court a petition for writ of mandamus in each case, pursuant to a provision of the CVRA, 18 U.S.C. § 3771(d)(3). On June 17, 2011, two-judges of this Court consolidated the two CVRA petitions and denied relief. The panel concluded that the District Court "did not clearly err in finding that [ICE] actually

4

functioned as the offenders' coconspirator. The district court identified the pervasive, constant, and consistent illegal conduct" by members of ICE's board and management. ICE moved for reconsideration, which another two-judge panel denied.

## II.

In this consolidated appeal, the government and Alcatel-Lucent filed motions to dismiss ICE's appeals for lack of jurisdiction. These motions raise similar arguments—that non-party crime victims may not appeal the final judgment in a criminal case, and that the CVRA only allows purported victims to challenge the denial of victim status through a writ of mandamus. The government also argues that this Court lacks jurisdiction under 28 U.S.C. § 1291 to hear the appeal in the case involving Alcatel-Lucent, Case No. 11-12802, insofar as no final judgment has been entered in that case.

This Court reviews in the first instance whether ICE may appeal a district court's denial of victim status under the CVRA, 18 U.S.C. § 3771, and whether jurisdiction exists under 28 U.S.C. § 1291.

To begin, we recognize that the District Court has not entered a final judgment in the case against Alcatel-Lucent. Rather, the Court approved a deferred prosecution agreement, such that neither conviction nor sentencing has

5

occurred.  Therefore, we lack jurisdiction under § 1291 to hear the appeal as to Case No. 11-12802.[1]

Turning to Case No. 11-12716, involving the Subsidiaries, the CVRA provides crime victims with a list of rights, including the right to timely notice of any proceeding involving the accused, the right not to be excluded from these proceedings, the right to be reasonably heard at sentencing, and the right "to full and timely restitution as provided in law."  18 U.S.C. § 3771(a).  Under a subsection entitled, "Enforcement and limitations," the CVRA explains: "[i]f the district court denies the relief sought, the movant may petition the court of appeals for a writ of mandamus."  Id. § 3771(d)(3).  The CVRA also provides that "[i]n any appeal in a criminal case, the Government may assert as error the district court's denial of any crime victim's right in the proceeding to which the appeal relates."  Id. § 3771(d)(4).  The CVRA defines a "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal

---

[1]  ICE's eleventh-hour argument that we have jurisdiction under the collateral order doctrine fails.  Under this doctrine, a litigant may appeal a non-final order if the order "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the action; and (3) [is] effectively unreviewable on appeal from a final judgment."  See Hofmann v. De Marchena Kaluche & Asociados, 642 F.3d 995, 997 (11th Cir. 2011) (reciting test for collateral order doctrine).  Here, ICE cannot satisfy the second prong, because the issue of restitution is part and parcel of the criminal sentence that may or may not ultimately be imposed on Alcatel-Lucent.  See United States v. Siegel, 153 F.3d 1256, 1259 (11th Cir. 1998); United States v. Logal, 106 F.3d 1547, 1552 (11th Cir. 1997).

6

offense." Id. § 3771(e).

Whether we have jurisdiction to hear an appeal from a victim in a criminal case is not a matter of first impression in this Circuit. In United States v. Franklin, 792 F.2d 998 (11th Cir. 1986), we held that one of the CVRA's predecessor statutes, the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3664, did not permit a non-party to appeal a sentence in a criminal proceeding. Franklin, 792 F.2d at 999–1000. As we explained there, "[a]ppellant cites no statute, including the Act, and we find none, that would give us the authority to entertain an appeal by a victim . . . who was not a party to the sentencing proceeding in the district court. Accordingly, we must dismiss appellant's appeal for want of jurisdiction." Id. Roughly seven years later in United States v. Johnson, 983 F.2d 216 (11th Cir. 1993), we again held that the VWPA did not provide crime victims with a private remedy to sue, such that crime victims lacked standing to appeal from criminal proceedings. Id. at 219. We explained that "generally a citizen lacks standing to contest the policies of a prosecuting attorney when the citizen has not been prosecuted or threatened with prosecution." Id. In the absence of a private remedy under the VWPA, we held that the victim was a "collateral entity to the proceeding" and her interests were "separate and distinct from the interests of the government and [the defendant] in this criminal case." Id.

7

More recently, three of our sister circuits have held that the CVRA does not displace the default rule that crime victims, as non-parties to the criminal action, lack standing to appeal the defendant's sentence.  See United States v. Monzel, 641 F.3d 528, 542 (D.C. Cir. 2011); United States v. Aguirre-Gonzalez, 597 F.3d 46, 54–55 (1st Cir. 2010); United States v. Hunter, 548 F.3d 1308, 1311–12 (10th Cir. 2008).  We find these cases persuasive.  Indeed, the very structure of the CVRA indicates that a writ of mandamus is a crime victim's sole avenue for appellate review.  Section 3771(d)(3) provides that "the movant may petition the court of appeals for a writ of mandamus."  18 U.S.C. § 3771(d)(3) (emphasis added).  Section 3771(d)(4) provides that "[i]n any appeal in a criminal case, the Government may assert as error the district court's denial of any crime victim's right."  Id. § 3771(d)(4) (emphasis added).  Under established principles of statutory construction, where Congress provides for express avenues of judicial relief, it intends to exclude other similar avenues.  See Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1193 (11th Cir. 2011).  Here, the CVRA expressly identifies the avenues of appellate review of a district court's denial of restitution or crime victim status, and neither of those avenues entitles a crime victim to direct appeal.

ICE's argument that Franklin does not control here is unavailing.  Even

8

though Franklin addressed a predecessor statute to the CVRA, the Court based the absence of appellate jurisdiction on the underlying rule of criminal procedure that crime victims, as non-parties, cannot appeal from sentences imposed in criminal proceedings.  Thus, the scope of the holding as to the absence of appellate jurisdiction extends beyond the particular statute at issue in Franklin, as this Court later affirmed in Johnson.  ICE advances another strategy to avoid application of Franklin.  It correctly asserts that the Court in Franklin expressly refused to address: 1) whether a crime victim has an implied statutory right to intervene in a sentencing proceeding; and 2) whether a victim who has such a right may directly appeal the denial of intervention, or if intervention is successful, the denial of a restitution award.  792 F.2d at 1000.  However, Franklin's reservation of these issues does little for ICE, unless it can demonstrate that intervention is available under the CVRA.

ICE does not clear this obstacle.  The CVRA never uses the word "intervene."  See 18 U.S.C. § 3771.  From this it follows that the statute does not expressly authorize intervention by crime victims.  See Brandt v. Gooding, 636 F.3d 124, 136 (4th Cir. 2011) (holding that the CVRA's plain language does not permit intervention).  Neither do we find any basis for reading an implied right of intervention into the CVRA.  The rights that the CVRA enumerates—e.g., the

9

right to timely notice, the right to attend proceedings, the right to be heard during proceedings, the right to confer with prosecutor—do not vest a victim with a substantive interest in the outcome of a sentencing proceeding. See 18 U.S.C. § 3771(a). The closest that the CVRA comes to establishing a substantive right is under § 3771(a)(6), which grants the victim "[t]he right to full and timely restitution as provided in law." Id. § 3771(a)(6) (emphasis added). However, the qualification, "as provided in law," suggests that § 3771(a)(6) does not otherwise alter the background principles of criminal law and procedure with regard to restitution. And as we noted in Johnson, these underlying principles do not afford a crime victim a substantive interest in the outcome of a criminal trial. Johnson, 983 F.2d at 219 (stating that a crime victim's interests are "separate and distinct from the interests of the government and [the defendant]"). Thus, there is no clear basis for reading an implied right of intervention into the CVRA, such that the default rule of Franklin still applies.

As a final matter, ICE points out that some circuits have carved out exceptions to this default rule of criminal procedure. See, e.g., In re Siler, 571 F.3d 604, 608–09 (6th Cir. 2009) (allowing crime victims to appeal district court's denial of their request for criminal defendants' presentence reports); United States v. Perry, 360 F.3d 519, 523–24 (6th Cir. 2004) (allowing victim to appeal district

10

court's cancellation of a lien that victim had obtained against defendant's property pursuant to a previously entered restitution award); Doe v. United States, 666 F.2d 43, 45–46 (4th Cir. 1981) (allowing victim in a rape prosecution to appeal admission of evidence concerning her prior sexual activity).[2]  However, as the D.C. Circuit explained, none of these cases actually allow a crime victim to appeal the imposition or denial of a restitution award.  Monzel, 641 F.3d at 541; see also Hunter, 548 F.3d at 1314 (noting that these cases "all related to specific trial issues and did not disturb a final judgment").  In contrast to these other cases, ICE here asks this Court to reverse the District Court and impose a restitution award.  Thus, these cases have no application here.

In short, we believe that Franklin and Johnson solidified the default rule in this circuit that crime victims have no standing to appeal a defendant's sentence in a criminal proceeding.  See Johnson, 983 F.2d at 219; Frankin, 792 F.2d at 999–1000.  We also agree with the Tenth, First and D.C. Circuits that the CVRA has not displaced this default rule.  This being the case, we conclude that Franklin and Johnson apply with full force to the facts here.

III.

---

[2]  While the Third Circuit has allowed a victim to directly appeal the amount of a restitution award in United States v. Kones, 77 F.3d 66, 68 (3d Cir. 1996), the Court did not analyze the jurisdictional issue at all.  Thus, we do not find this authority persuasive.

11

Because we lack jurisdiction to hear ICE's direct appeal under the Crime Victims' Rights Act, we dismiss the appeal.

**DISMISSED.**