[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11153
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60204-JIC-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DELVIN WOODS,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 7, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Delvin Woods appeals the denial of his motion to suppress evidence

obtained during a search of his residence, following his conditional guilty plea to

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). After careful review, we affirm.

I.

A grand jury indicted Woods in August 2011 for being a felon in possession of three firearms and multiple rounds of ammunition, in violation of § 922(g)(1). According to the indictment, agents found the firearms and ammunition when they searched Woods's residence pursuant to a warrant.

There are two warrants at issue here. The first warrant listed Woods's residence as 186 Southwest 2nd Avenue, an apparent combination of Woods's postal address, 186 Southwest 1st Court, and the structure's situs, 150 Southwest 2nd Avenue. When the agent who provided the affidavit to support this warrant noticed the error, he corrected it in the warrant documents and obtained a second, corrected warrant. The agent, however, failed to correct the erroneous address in the probable cause section of his affidavit accompanying the warrant.

In the probable cause section, the agent stated that he had met with a confidential informant regarding marijuana sales at the residence, had personally observed the informant make a controlled buy from a man – later determined to be Woods – at the residence, and had received from the informant the contraband acquired from Woods. Further, the agent noted that the informant said Woods advised him to return if he needed more marijuana. The residence detailed in the

warrant and affidavit – a white home with green trim, a brown roof, and a white front door on the west side of the structure – matches accurately Woods's residence at 186 Southwest 1st Court. And the residence was described as having "186" painted in white on the mailbox post, along with "150," painted in black, which "refer[s] to 150 S.W. 2nd Avenue which is the structure's situs."

Agents executed this second warrant and discovered three loaded firearms at the residence. Before trial, Woods moved to suppress the firearms and ammunition, arguing that the search warrant was unsupported by probable cause because of the error in the affidavit. A magistrate judge issued a report and recommendation (R&R) recommending that the district court deny Woods's motion. The district court adopted the R&R over Woods's objections, finding that the warrant was supported by probable cause and, in the alternative, that the good faith of the agents who conducted the search precluded exclusion of the evidence. Woods thereafter entered his guilty plea, conditioned on his ability to appeal from the denial of his motion to suppress. This is the appeal from that denial.

## II.

A district court's decision to deny a motion to suppress presents a mixed question of fact and law. *United States v. Welch*, 683 F.3d 1304, 1307 (11th Cir. 2012). We review the district court's factual findings for clear error and the application of law to those facts *de novo*. *Id.* And we construe all facts in the light

most favorable to the party that prevailed before the district court. *United States v. Boyce*, 351 F.3d 1102, 1105 (11th Cir. 2003).

Although the affidavit mentioned the wrong address once, it provided a clear description of the correct address, 186 Southwest 1st Court. Construing these facts in the light most favorable to the government, we see no clear error in the district court's determination that the affidavit's singular reference to 186 Southwest 2nd Avenue was a typographical error. And, after resolving this matter, we conclude the affidavit contained sufficient facts to establish probable cause to search Woods's residence. Probable cause exists when "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 218 (1983). A search warrant affidavit must state facts sufficient to justify this conclusion. *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). Here, the affidavit clearly established that the informant made a controlled buy from Woods at his residence and that Woods offered to sell him more marijuana. These facts supported a conclusion that contraband would probably be found at 186 Southwest 1st Court, and therefore established probable cause to search Woods's residence.

Accordingly, we conclude that the district court correctly denied Woods's motion to suppress because, despite the single typographical error in the affidavit supporting the warrant, the warrant was supported by probable cause.

**AFFIRMED.**