947 F.2d 946
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reggie DENTS, Defendant-Appellant.
 No. 90-2339.
 United States Court of Appeals, Sixth Circuit.
 Oct. 30, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and JOHNSTONE, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant Reggie Dents ("defendant") appeals the June 27, 1990, jury verdict and November 27, 1990, sentence in this conviction for securities fraud in violation of 18 U.S.C. §§ 1343, 1841, 2314. For the reasons set forth below, we AFFIRM.
 
 I.
 
 2
 Defendant operated Franklin International, a precious metals investment firm. The company operated in such a way that customers sent money to Franklin International to invest in metals. Ostensibly, these metals were to be purchased and stored for the customers until the customers made the final payment, at which time the customer could take possession of the metals.
 
 
 3
 The government argued at trial that defendant participated in a fraudulent scheme by which Franklin International took customers' money, but did not deliver the metals to them. Moreover, the government argued that Franklin International never even invested the customers' initial down payments. After hearing the evidence, the jury concluded that defendant had engaged in a scheme to defraud these customers.
 
 
 4
 On appeal, defendant first challenges the jury verdict which found him guilty of the charges set forth in counts five, six and seven of the indictment. Each of these charges relates to transactions involving Henry Stine, an alleged victim of the fraudulent scheme. Defendant claims that the evidence related to Stine was insufficient to support the jury verdict.
 
 
 5
 Initially, we note that our standard of review in this case is very narrow. At the close of the government's case in the district court, defendant failed to move for a judgment of acquittal pursuant to Fed.R.Crim.P. 29. As a result, we may only reverse the jury verdict to prevent a manifest miscarriage of justice. United States v. Rodriguez, 882 F.2d 1059, 1063 (6th Cir.1989), cert. denied, 110 S.Ct. 1144 (1990). Based on the evidence in this case as it relates to counts five, six and seven, we are unable to conclude that the jury verdict would result in a manifest miscarriage of justice.
 
 
 6
 First, there was general testimony from two witnesses that Franklin International operated a fraudulent investment scheme. Andrea Moore, a government witness, participated in the scheme at Franklin International and offered her testimony in cooperation with the government. Moore testified that within six months of her employment at Franklin International, she realized that metals were not being purchased and stored by Franklin International on behalf of those customers who had paid for the metals. She stated that customers were told that initial money paid by the customers was used to open an account at a trust company, which would purchase the metals and store them for the customers. In fact, according to Moore, the money was not used to open accounts on the customers' behalf.
 
 
 7
 The government also offered the testimony of Carol Ross, who worked at Franklin International as well. Ross testified in cooperation with the government after pleading guilty to charges against her arising from another fraudulent scheme. She testified that Franklin International told customers that if they sent a down payment for the purchase of precious metals, an account would be opened for them at a trust company. After the account was opened, the customer was sent a confirmation of the transaction. The trust company would allegedly purchase and store the customer's metal and provide a monthly statement on the status of the customer's account.
 
 
 8
 Aside from this general testimony, there was evidence that Henry Stine had sent money toward the purchase of precious metals. According to Franklin International's records, no metal was purchased on behalf of a Henry Stine. There was no direct evidence, however, that Henry Stine was defrauded. Thus, in order to find defendant guilty of defrauding Henry Stine, the jury had to have made a negative inference that Stine was defrauded from the lack of evidence that Franklin International used his money to purchase metals.
 
 
 9
 Defendant contends that this evidence was wholly inadequate to support his conviction under counts five, six and seven. He argues that the government had the burden of proving defendant's guilt, and that burden could not be met based on a negative inference. Accordingly, defendant argues that the jury verdict was not substantiated and resulted in a manifest miscarriage of justice. We disagree.
 
 
 10
 Although there was no direct evidence that money invested by Henry Stine was obtained or used fraudulently, there was evidence from which the jury could infer that defendant defrauded Stine. Under the narrow standard of review which guides our inquiry, we cannot conclude that the verdict amounted to a manifest miscarriage of justice. Therefore, we affirm the jury verdict on counts five, six and seven.
 
 
 11
 Defendant contends next that the district court erred in admitting evidence regarding another company in which defendant was involved, Franklin Rare Coin and Bullion ("Rare Coin and Bullion"). Defendant argues that this evidence of other "bad acts" was unfairly prejudicial to defendant's charges relating to Franklin International. Our review of the district court's evidentiary ruling is limited to determining whether the district court abused its discretion. United States v. Terry, 729 F.2d 1063 (6th Cir.1984). We conclude that the district court did not abuse its discretion.
 
 
 12
 At trial, Moore and Ross testified that shortly after the FBI seized the records of Franklin International, the company changed its name to Franklin Rare Coin and Bullion. Moore also testified that the defendant continued selling precious metals through Rare Coin and Bullion. Moore stated that defendant instructed her to tell customers of Franklin International that their accounts could not be serviced because the company was under some sort of audit. The government argued to the district court that evidence related to Rare Coin and Bullion was admissible to show that money paid by customers of Franklin International was used to invest in Rare Coin and Bullion. In addition, the government presented the evidence to show that Franklin International customers were not informed that the company was under a criminal investigation. Instead, new customers were solicited for Rare Coin and Bullion, indicating an intent to defraud the Franklin International customers. We find no abuse in the district court's admission of this evidence.
 
 
 13
 Finally, defendant argues that the district court erred in ordering him to pay restitution to the alleged victims who were identified in the indictment for the specified losses incurred by each. Defendant claims that he was not given an adequate opportunity to address the issue of restitution and that the district court did not take appropriate factors regarding defendant's ability to pay into consideration. We disagree.
 
 
 14
 The district court was not required to conduct a hearing to determine whether to order restitution, but could rely on information contained in the presentence report. United States v. Keith, 754 F.2d 1388 (9th Cir.), cert. denied, 106 S.Ct. 93 (1985). Defendant did not dispute any information contained in the presentence report and has failed to show that the information was insufficient for the district court to rely on it in making its determination to order restitution. Accordingly, we find no abuse of the district court's order requiring defendant to pay restitution.
 
 II.
 
 15
 For the above stated reasons, we AFFIRM the June 27, 1990, jury verdict and November 27, 1990, sentence by the Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan.
 
 
 
 *
 The Honorable Edward H. Johnstone, United States District Judge for the Western District of Kentucky, sitting by designation