**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

LAWRENCE MICHAEL STANFILL
EL,
*Defendant-Appellant.*

No. 12-30155

D.C. No.
3:11-cr-00252-PK-1

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted March 8, 2013[*]
Portland, Oregon

Filed April 30, 2013

Before: A. Wallace Tashima, Richard R. Clifton,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge Clifton

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Criminal Law

Affirming a conviction following a bench trial for assault under a federal statute that provided for a maximum prison sentence of six months, the panel held that the defendant had no right to a trial by jury under either the Sixth or Seventh Amendments because even though the prosecution resulted in an order requiring the defendant to make monetary payment in restitution, it was still a prosecution for a petty offense and not a civil action.

### COUNSEL

Thomas J. Hester, Assistant Federal Public Defender, Portland, Oregon, for Defendant-Appellant.

S. Amanda Marshall, United States Attorney, Kelly A. Zusman, Appellate Chief, and Seth D. Uram, Assistant United States Attorney, Portland, Oregon, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

CLIFTON, Circuit Judge:

Defendant Lawrence Michael Stanfill El[1] was charged with assault under a statute that provided for a maximum prison sentence of six months. He requested but was denied a jury trial. Following a bench trial, he was convicted and sentenced to pay restitution in the amount of $3,468.03. He argues that the possibility of being ordered to pay a substantial amount of money in restitution gave him the right to a trial by jury under the Sixth and Seventh Amendments. We disagree and affirm the judgment of the district court.

## I.  Background

Stanfill El and Kyle Carmin were work-study interns with adjacent workspaces at the Department of Veterans Affairs office in Portland, Oregon. They had an altercation at work during which Stanfill El punched Carmin several times. Carmin required treatment at a nearby hospital.

Stanfill El was charged with assault within the territorial jurisdiction of the United States by striking, beating, or wounding, under 18 U.S.C. § 113(a)(4). He pleaded not guilty and demanded a jury trial. His jury demand was denied. Following a bench trial, the magistrate judge found Stanfill El guilty. The magistrate judge ordered him to pay $3,468.03 restitution to the Oregon Crime Services Division for the

---

[1] During the pendency of these proceedings, Defendant, convicted under the name Lawrence M. Stanfill, filed a motion seeking to have his name changed in accordance with his legal name change. We granted that motion.

medical bills it paid to treat Carmin's injuries. No other sentence was imposed.

Stanfill El appealed his conviction to the district court under 18 U.S.C. § 3402. He asserted that he was unconstitutionally denied a jury trial guaranteed to him by the Sixth and Seventh Amendments. The district court affirmed the conviction. Stanfill El appealed to this court.

## II. Discussion

Stanfill El challenges his conviction under the Sixth and Seventh Amendments. A defendant's right to a jury trial under the Constitution is a question of law that we review de novo. *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009).

### A.  Sixth Amendment

The Sixth Amendment to the United States Constitution provides the right to a jury trial "[i]n all criminal prosecutions." But "'there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision.'" *Lewis v. United States*, 518 U.S. 322, 325 (1996) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 159 (1968)). To determine whether an offense is petty, courts look to the maximum penalty that could result from a conviction. *Id.* at 326.

Courts presume that an offense is petty when it carries a maximum term of imprisonment of six months or less. *Id.* The maximum period of incarceration is not the only relevant form of punishment, but it is the most important. *Blanton v. City of N. Las Vegas*, 489 U.S. 538, 542 (1989); *United States v. Ballek*, 170 F.3d 871, 876 (9th Cir. 1999). A defendant can

overcome the presumption that attaches to offenses with a six-month maximum term of imprisonment only when the additional authorized penalties "are so severe that they clearly reflect a legislative determination that the offense in question is a 'serious' one." *Blanton*, 489 U.S. at 543. A very large fine or a very long period of probation, for example, could be such an onerous punishment that it would transform an otherwise petty offense into a serious one. *Ballek*, 170 F.3d at 876.

Stanfill El was convicted under 18 U.S.C. § 113(a)(4), which carries with it a maximum term of imprisonment of six months. Thus, we start with the "very strong" presumption that the offense was petty. *See id.* (using those terms to describe the presumption).

Stanfill El argues that the potential for an order of restitution in a substantial amount is enough to overcome that presumption. The Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. § 3663A, requires a court to order a person convicted under § 113(a)(4) to pay restitution. As noted above, Stanfill El was ordered to pay restitution here. Although the restitution he was ordered to pay amounted to only $3,468.03, he argues that it is the maximum potential punishment that determines whether an offense is petty, and because the MVRA mandates full restitution without financial limitation, the maximum amount of the award could potentially have been enormous.

We have already rejected that argument. In *Ballek*, we held that an order requiring the defendant to pay monetary restitution did not qualify as additional punishment that would trigger the right to a jury trial under the Sixth Amendment, "no matter how large the sum involved." *Id*. The

defendant in that case was found guilty of willfully failing to pay child support. The district court sentenced him to six months in prison and ordered him to pay $56,916.71 in past due child support as restitution. *Id.* at 873. The defendant argued that the imposition of restitution in excess of $50,000 converted what was otherwise a petty offense into a serious one. We disagreed:

> Restitution does not impose an additional obligation on the defendant; rather, it recognizes the debt he already owes the victim. This is especially true where, as here, the debt is already liquidated by way of a state-court judgment or decree. The imposition of a restitution order as part of a federal criminal sentence does cause some additional hardship to the defendant, and gives the victim some additional enforcement mechanisms. But the additional burden on the defendant is relatively minor, as it merely reinforces his existing moral and legal duty to pay a just debt. We therefore hold that the possibility that the district court will order restitution, in addition to a six-month maximum sentence, does not turn an otherwise petty offense into a serious one, no matter how large the sum involved. Ballek was not entitled to a jury trial.

*Id*. at 876 (footnote omitted).

Stanfill El contends that *Ballek* is distinguishable because it involved a child support debt that had been previously adjudicated by a state court. Stanfill El's legal duty to pay

restitution, he argues, hinged entirely on the fact-finder's determination of his guilt rather than a state-court adjudication. But the result we reached in *Ballek* did not depend upon the previous state-court judgment. *See id.* at 876 (noting that the state-court decree only rendered our conclusion "especially true"). Accordingly, Stanfill El cannot rely on it to distinguish his case. *Ballek* controls, and the district court was correct when it relied on our holding in that case to reject Stanfill El's Sixth Amendment argument.

## B.  Seventh Amendment

The Seventh Amendment provides, in part: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." The Supreme Court has held that "the thrust of the Amendment was to preserve the right to jury trial as it existed in 1791." *Curtis v. Loether*, 415 U.S. 189, 193 (1974).

Stanfill El argues that his trial was analogous to a common law assault cause of action because it resulted in a monetary award against him for restitution. If an action for assault had been brought as a civil action, Stanfill El contends, he would be entitled to a jury trial under the Seventh Amendment, so he should likewise be entitled to a jury trial in his criminal assault action.

We have previously held that an order of restitution as part of a criminal sentence did not implicate the Seventh Amendment guarantee of a jury trial. *See United States v. Dubose*, 146 F.3d 1141, 1148 (9th Cir. 1998) (regarding an order of restitution under the MVRA); *United States v. Keith*, 754 F.2d 1388, 1392 (9th Cir. 1985) (concerning restitution under the Victim and Witness Protection Act of 1982, the

predecessor statute to the MVRA); *see also United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir. 2007) (noting that courts may look to VWPA cases in interpreting the MVRA).

*Dubose* and *Keith* are different from the current case in one respect. In those cases, the defendants were entitled to jury trials under the Sixth Amendment because the crimes were not petty offenses, but they waived the right to a jury trial and pleaded guilty. Stanfill El did not plead guilty, and his guilt was determined by the court after his request for a jury was denied.

We are not persuaded that this distinction alters the result, however. The application of the Seventh Amendment depends on whether the action before us "'was tried at law at the time of the founding or is at least analogous to one that was.'" *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 708 (1999) (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996)). The historic record does not support Stanfill El's argument.

As discussed above, it has long been held that the Sixth Amendment does not provide a right to a jury trial for petty offenses because there was no such right at the time the amendment was enacted. In *Callan v. Wilson*, 127 U.S. 540 (1888), the Supreme Court identified types of cases that were historically tried without a jury at common law. *Id.* at 549. The Court observed the historical practice that "summary convictions for petty offenses against statutes were always sustained, and they were never supposed to be in conflict with the common-law right to a trial by jury." *Id.* at 552 (internal quotation marks omitted); *see also Duncan v. Louisiana*, 391 U.S. 145, 160 (1968) (noting that petty offenses were tried without juries "both in England and in the Colonies").

*Callan*'s observations are equally applicable to Stanfill El's Seventh Amendment claim.

That a criminal prosecution might result in a monetary award of restitution did not appear to implicate the Seventh Amendment right to a jury at the time of the founding. As the Second Circuit has noted, judges frequently ordered restitution in larceny cases at common law without a jury. *United States v. Brown*, 744 F.2d 905, 910 (2d Cir. 1984) (citing 4 William Blackstone, *Commentaries*, \*362–63); *see also United States v. Fountain*, 768 F.2d 790, 801 (7th Cir. 1985) ("[C]riminal restitution is not some newfangled effort to get around the Seventh Amendment but a traditional criminal remedy."). Thus, we cannot conclude that this action was analogous to one that was tried at law before a jury.

More broadly, Stanfill El's trial was a criminal prosecution. The Seventh Amendment guarantees a right to a jury trial in *civil* cases. *See Callan*, 127 U.S. at 550; *In Re U.S. Financial Sec. Lit.*, 609 F.2d 411, 419–20 (9th Cir. 1979) (discussing the history of the Seventh Amendment). Imposing a restitution order as part of a criminal sentence is a means of achieving criminal penal objectives. *United States v. Edwards*, 595 F.3d 1004, 1013–14 (9th Cir. 2010); *Dubose*, 146 F.3d at 1148 ("Restitution undoubtedly serves traditional purposes of punishment.") (internal quotation marks omitted). The fact that the restitution order involved monetary liability that is civilly enforceable did not convert Stanfill El's criminal prosecution into a civil action. *See id.*; *see also United States v. Soderna*, 82 F.3d 1370, 1379 (7th Cir. 1996) (concluding that a defendant would not be guaranteed a jury under the Seventh Amendment in a criminal proceeding arising from his violation of a federal statute despite possessing such a right in a civil proceeding under the same

statute). Because this was a criminal prosecution, and it was not an action that was tried before a jury at the time of the founding nor analogous to one that was, the right to a jury trial under the Seventh Amendment did not apply.

## III.    Conclusion

The prosecution of Stanfill El, even though it resulted in an order requiring him to make monetary payment in restitution, was still a prosecution for a petty offense, and was not a civil action. Stanfill El had no right to a jury under either the Sixth or Seventh Amendments.

**AFFIRMED**.